# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

| | |
|---|---|
| KEVIN ALMY, | 2:12-cv-00129-JCM-VCF |
| Plaintiff, | **ORDER** |
| vs. | [Motion for Copy work #19] |
| D. DAVIS, *et al.,* | |
| Defendant. | |

Before the Court is *pro se* Plaintiff's Motion To Extend Prison Copy work Limit (#19) filed on September 19, 2012.

**Background**

Plaintiff filed the Motion for Leave to Proceed in forma pauperis on January 14, 2012 (#1); an Amended Complaint and Motion to Amend Complaint on April 4, 2012. (#6 & #7). On June 18, 2012, the Court entered the Screening Order and stayed the action for ninety (90) days to allow plaintiff and defendants an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. (#9). On August 10, 2012, an early mediation conference was held and a settlement was not reached. (#12). The Court granted the Motion for Leave to Proceed in forma pauperis on August 13, 2012. (#13). On August 29, 2012, the Attorney General of the State of Nevada, accepted service for 16 out of the 19 named defendants. (#14). Plaintiff's Motion To Extend Prison Copywork Limit (#19) was filed on September 19, 2012, the Response to the Motion to Extend Prison Copywork was filed on September 6, 2012 (#20), and the Reply to the Response to the Motion to Extend

Prison Copy work was filed on September 19, 2012 (#22). Also pending before the Court are Plaintiff's Motion for Preliminary Injunction (#21) filed on September 19, 2012 and Plaintiff's Second Emergency Motion for Preliminary Injunction (#24) filed on October 3, 2012.

**Motion to Receive Free Copy work (#19)**

Plaintiff's Motion to Receive Free Copy work (#19) seeks an order from the Court to increase his legal photocopy account. Plaintiff states in his motion that he has not reached his $100.00 but anticipate that he will reach and exceed his limit given the nature of the case.

Defendants filed an opposition and take the position that "Plaintiff has failed to provide any information was to why he needs this increase or how he plans on spending these additional funds." Defendants are waiving the service requirements of any filings by the Plaintiff. (#20).

**Discussion**

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. See *Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concert of liberty is, it does not include the right to xerox." (7th Cir. 1983)); see also *Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983); *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981); *Harrell v. Keohane*, 621 F.2d 1059, 1060-61 (10th Cir. 1980). As noted by Plaintiff, the Nevada Department of Corrections provides $100.00 of free legal copy work to prisoner litigants and charges ten cents per page for photocopies. Plaintiff asks for additional money but he does not state how much, nor does he state his current balance. Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding in forma pauperis to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. See, e.g., *Collins v. Goord*, 438 Supp. 2d 399 (S.D.N.Y. 2006); Guinn v. Hoecker, 43 F. 3d 1483 (10th Cir. 1994). Plaintiff seeks additional copies for future copying needs that have yet to be identified. Plaintiff does not identify any specific document which must be photocopied, nor the

quantity of copies which must be made for him to proceed in this action. The Court requires a more particularized showing of need before it will order the state to extend an inmate's copy account. If Plaintiff believes that he needs copies for cases in other courts or in other cases in this court, he must seek an order for copies in each such particular case based upon a particularized showing of need. In addition, Plaintiff's need for copies is reduced as Defendants are waiving the service requirements of any and all filings by the Plaintiff. Plaintiff will not need to make additional copies for the Defendants.

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Prison Copy Work Limit (#19) is is denied without prejudice. Plaintiff may refile the motion if he is able to make a more particularized showing of need.

DATED this 11th day of October, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE