# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN ALMY, | |
|     Plaintiff, | 2:12-cv-00129-JCM-VCF |
| vs. | |
| D. DAVIS, *et al.*, | **ORDER** |
|     Defendants. | |

Presently before the court is plaintiff, appearing pro se, Kevin Almy's motion for a temporary restraining order. (Doc. # 40). Defendants have not responded.

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. FED. R. CIV. P. 65. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008).

1  In his motion, plaintiff alleges that Nevada Department of Corrections officials have retaliated against plaintiff because he is pursuing a civil rights complaint against defendants. (Doc. # 40, 2:11-16). Plaintiff requests the court to enjoin "defendants, their successors, agents, employees, and all other persons acting in concert and participation with them from: a) any action in furtherance of prosecuting plaintiff upon institutional [*sic*] of 'MJ31: unauthorized use equipment or mail' and 'MJ 51: compromising staff,' b) all retaliatory actions against plaintiff, c) all impediments restricting plaintiff's access to the law library and courts less than that which general population inmates at SDCC enjoy, and d) requiring plaintiff to suffer handcuffing through the cell door slot to shower or go to yard." (Doc. # 40, 1:19-2:3). Plaintiff has also filed an affidavit to this effect. (Doc. # 40, 17).

Any infringement on prisoners' constitutional rights must be reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). This relaxed standard "is necessary if 'prison administrators . . ., and not the courts, are to make the difficult judgments concerning institutional operations.'" *Id*. (*quoting Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 128 (1977)). A prison official's concern for prison security is entitled to significant deference. *Harper v. Wallingford*, 877 F.2d 728, 733 (9th Cir.1989).

Here, plaintiff has failed to provide sufficient facts to demonstrate that plaintiff will suffer "immediate or irreparable injury, loss or damage." FED. R. CIV. P. 65. From the affidavit, it is not clear that the conduct complained of is not reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89. Further, it is not clear that defendants' actions are taken in retaliation against plaintiff. Thus, the court is unable to conclude that plaintiff will suffer irreparable injury if preliminary relief is not granted. *See Winter*, 129 S. Ct. 365, 374–76.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a temporary restraining order (doc. # 40) be, and the same hereby is, DENIED without prejudice.

. . .

. . .

1   IT IS FURTHER ORDERED that plaintiff's second emergency motion for preliminary
2 injunction, (doc. # 24), be, and the same hereby is, DENIED as moot as plaintiff has voluntarily
3 dismissed this motion (doc. # 34).
4   DATED October 29, 2012.

_____
UNITED STATES DISTRICT JUDGE