UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN ALMY, | )<br>) |
| Plaintiff, | )    2:12-cv-00129-JCM-VCF<br>) |
| vs. | )<br>)    **ORDER** |
| D. DAVIS, *et al.*, | )<br>) |
| Defendants. | )<br>/ |

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by a Nevada prisoner. On June 18, 2012, the court entered an order allowing several counts of the amended complaint to proceed, and dismissing other claims as not cognizable. (ECF No. 9). On October 18, 2012, plaintiff filed a motion for reconsideration of that order. (ECF No. 32).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

>(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, plaintiff asserts that the court erred in dismissing count V of the amended complaint. (ECF No. 32). In ground V of the amended complaint, plaintiff claimed that his Fourth Amendment rights were violated. As noted in the court's order, plaintiff's claim is that he was held in administrative segregation pending disciplinary charges. (ECF No. 32, at pp. 8-9). This court properly dismissed count V of the amended complaint relying on binding authority. *See Sandin v.*

*Connor*, 515 U.S. 472, 848 (1995); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997).  In his motion for reconsideration, plaintiff has not identified any mistake, intervening change in controlling law, or other factor that would require vacating the judgment.  Plaintiff has not shown that manifest injustice resulted from dismissal of the action.  Plaintiff also has not presented newly discovered or previously unavailable evidence.  Plaintiff has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (ECF No. 32) is **DENIED.**

Dated November 8, 2012.

_____
UNITED STATES DISTRICT JUDGE