1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN ALMY,                          )
                                     )
            Plaintiff,               )          2:12-cv-00129-JCM-VCF
                                     )
vs.                                  )
                                     )          **ORDER**
D. DAVIS, *et al.*,                  )
                                     )
            Defendants.              )
_____/

     Presently before the court is plaintiff, appearing *pro se*, Kevin Almy's motion for a preliminary injunction. (Doc. # 21). Defendants Francher, Feil, Halling, Henley, Keener, Kennedy, LeGrand, Lindberg, Mattice, Meza, G. Smith, Tackett, Thomas, Vidaurri, M. Ward, and T. Ward have responded (doc. # 23),[1] plaintiff has not replied.

**I.     Factual background**

     On April 4, 2012, plaintiff filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 6). Plaintiff alleges that his constitutional rights were violated during his incarceration at Lovelock Correctional Center, Warm Springs Correctional Center, and Northern Nevada Correctional

---

[1] The court notes that plaintiff filed a motion for ruling of default by defendants for failing to timely respond to plaintiff's motion for a preliminary injunction. (Doc. # 31). Defendants did, however, timely respond to plaintiff's motion (doc. # 23). Thus, the court denies plaintiff's motion as moot.

1  Center on various dates between May 2010, and September 2011. Plaintiff seeks monetary relief and

2  expungement of his prison disciplinary violations.

3        On September 19, 2012, plaintiff filed a motion for a preliminary injunction. (Doc. # 21). The

4  preliminary injunction seeks an order directing defendants to allow plaintiff to communicate with other

5  inmates and to prohibit retaliation against these purported witnesses for cooperating in the preparation

6  of plaintiff's lawsuit. Plaintiff asserts that he must contact these inmate witnesses to prove that

7  defendants used excessive force. (Doc. # 21, 3:6-7). Defendants oppose plaintiff's request stating that

8  plaintiff has not attempted to comply with the applicable procedures allowing him to communicate with

9  other inmates, making this request premature and potentially unnecessary. (Doc. # 23, 2:2-4).

10  **II.     Preliminary injunction**

11        According to Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction

12  when the moving party provides specific facts showing that immediate and irreparable injury, loss, or

13  damage will result before the adverse party's opposition to a motion for preliminary injunction can be

14  heard. FED. R. CIV. P. 65. The Supreme Court has stated that courts must consider the following factors

15  in determining whether to issue a preliminary injunction: (1) likelihood of irreparable injury if

16  preliminary relief is not granted; (2) a likelihood of success on the merits; (3) balance of hardships; and

17  (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). "An injunction is a

18  matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear

19  showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. A moving party is required to make a

20  showing that all of these requirements have been met. *American Trucking Assoc. v. City of Los Angeles*,

21  559 F.3d 1046, 1052 (9th Cir. 2009).

22        **A.     Irreparable harm**

23        "In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of

24  an irreparable injury." *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000).

25  For an order granting prospective injunctive relief, the moving party is required to "demonstrate a

26  reasonable likelihood of future injury." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th

Cir. 2003) (citation omitted).

Plaintiff alleges that he requires injunctive relief so he may have confidential communications with 14 inmates located at other prisons within the state. (Doc. # 21,13). Plaintiff alleges that he has been denied an opportunity to contact his proposed witnesses. (Doc. # 21, 5:17-15). Defendants argue that plaintiff has not made a legitimate effort to obtain permission to contact his proposed witnesses and cannot establish irreparable harm if he is not allowed immediate contact. (Doc. # 23:5:9-10).

The court agrees. It is not clear that plaintiff will suffer irreparable injury since there is a process designed to address such requests set forth in Nevada Department of Corrections Administrative Regulation (NDOC AR) 750.04 that allows inmates to correspond with one another. While plaintiff alleges that his previous request for permission was refused (doc. # 21, 5:20-21), it appears that the refusal was based on plaintiff's failure to comply with NDOC AR 750 (doc. # 21, Ex. B).

Further, plaintiff has filed another request to correspond with his proposed witnesses but "does not anticipate authorization without the preliminary injunction sought herein." (Doc. # 21, 5:23-25). But an anticipated unmerited denial of his request without having received a response does not "demonstrate a reasonable likelihood of future injury." *Bank of Lake Tahoe*, 318 F.3d at 918. Plaintiff must comply with the correctional administrative process and waiting for prison staff to complete their review of plaintiff's request is not sufficient to warrant this "extraordinary remedy." *Winter*, 555 U.S. at 22.

###  B.    Likelihood of success on the merits

Plaintiff relies on the court's screening order to demonstrate that he has a likelihood of success on the merits. However, the screening order simply establishes that plaintiff's complaint is sufficiently alleged, not that plaintiff can prove the truth of these allegations. Without more, the court cannot determine that plaintiff is likely to prevail on his § 1983 claims as required for plaintiff to establish that he is entitled to injunctive relief.

###  C.    Balance of hardships and public interest

Plaintiff is unable to establish irreparable harm or that he is likely to succeed on the merits. Thus, even though the balance of hardships and public interest may weigh in his favor, that does not warrant

granting his request for a preliminary injunction.

**III.     Motion to dismiss**

On October 11, 2012, defendants Francher, Feil, Halling, Henley, Keener, Kennedy, LeGrand, Lindberg, Mattice, Meza, G. Smith, Tackett, Thomas, Vidaurri, M. Ward, and T. Ward filed a partial motion to dismiss. (Doc. # 27). Plaintiff has not responded. While the court has an interest in managing its own docket, the court notes that plaintiff is a *pro se* prisoner plaintiff and receives communication from defendants and the court by way of manual distribution. Provided that this process of delivery may result in some delay, the court *sua sponte* extends the time in which plaintiff must respond, if he so chooses. Therefore plaintiff has up to, and including, November 30, 2012, to file a response, if any.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Kevin Almy's motion for a preliminary injunction (doc. # 21) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for ruling of default by defendants (doc. # 31) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff has up to, and including, November 30, 2012, to file a response, if any to defendants' partial motion to dismiss (doc. # 27).

Dated November 14, 2012.

_____
UNITED STATES DISTRICT JUDGE

4