UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN ALMY,

          Plaintiff,

v.

D. DAVIS, *et al.*,

          Defendants.

2:12-cv-00129-JCM -VCF

**O R D E R**

(Pending Discovery Motions #36, #37, #38, #39, #53, #54, #58, #62, #63, #65, #69, and #71)

Before the court is the matter of *Almy v. Davis et al* (Case No. 2:12-cv-00129-JCM-VCF). The court held a hearing on all pending discovery motions (#36, #37, #38, #39, #53, #54, #58, #62, #63, #65 and #69) on December 13, 2012.

**A.    Relevant Background**

Plaintiff Almy filed his motion to proceed *in forma pauperis* (#1) and complaint (#1-1) on January 14, 2012. On January 24, 2012, plaintiff filed a motion to appoint counsel and to file enlarged complaint. (#2 and #3). On January 31, 2012, and February 2, 2012, the plaintiff filed two more motions for appointment of counsel. (#4 and #5). On April 4, 2012, plaintiff filed an amended complaint (#6) and a motion to amend complaint (#7). On May 23, 2012, the plaintiff filed a letter requesting a status of his case. (#8). On June 18, 2012, the court issued a screening order granting the motion to amend complaint (#7), denying plaintiff's motions for counsel (#2, #4, and #5), and denying plaintiff's motion to file enlarged complaint (#3) as moot. (#9). The screening order also dismissed several claims and deferred ruling on the motion to proceed *in forma pauperis* (#1) until the parties had an opportunity to settle the dispute via mediation. *Id.*

On June 28, 2012, the court issued an order scheduling the matter for an inmate early mediation conference. (#10). The conference was held on August 10, 2012, and the parties did not settle. (#12).

The court issued an order on August 13, 2012, granting the motion to proceed *in forma pauperis* (#1), ordering partial payment of the filing fees, and ordering service on the defendants. (#13). On August 29, 2012, the Attorney General filed a notice of acceptance of service on behalf of defendants "Eric Fancher, Pamela Feil, Brandt Halling, Brian Henley, James Keener, Keith Kennedy, Robert LeGrand, Terry Lindberg, Wesley Mattice, Veronica Meza, Greg Smith, Ted Tackett, Tonya Thomas, Ruben Vidaurri, Maria Ward, and Tracey Ward." (#14). The notice stated that the Attorney General did not accept service on behalf of D. Davis or Holloway, as there are no current or past employees matching these descriptions. *Id.*

On August 29, 2012, defendants filed a sealed notice of the last known address for defendant Richard T. Nelson. (#16). On October 11, 2012, the defendants filed a partial motion to dismiss. (#27). On October 25, 2012, plaintiff filed a motion to extend time for service (#36), a motion to compel identification of defendants (#37), a motion for appointment of counsel (#38), a motion for early submission of expanded interrogatories (#39), and an emergency motion for temporary restraining order (hereinafter "TRO") (#40). The court denied plaintiff's motion for TRO (#40) without prejudice. (#41). On October 30, 2012, plaintiff filed a motion for entry of clerk's default as to all defendants. (#43). Default was entered on the same day (#44), and the court vacated the default on November 7, 2012 (#46), as defendants had appeared in the case. The clerk entered an amended default as to D. Davis, T. Nelson, and Holloway on November 8, 2012. (#48).

Defendants opposed the motion to compel (#37), motion for appointment of counsel (#38), and motion for early submission of expanded interrogatories (#39) on November 13, 2012. (#49 and #50). The court vacated the clerk's amended default (#48) on November 19, 2012 (#52), as Nelson, Davis, and Holloway had not been served. (#52). On the same day, plaintiff filed an objection/motion to strike (#53) and motion for sanctions (#54). The undersigned issued a minute order on November 20, 2012, scheduling a hearing on the motion for extension of time for service (#36) for December 13, 2012. (#56). Plaintiff filed a motion to compel service (#58), a motion to permit plaintiff to file reply to

defendants' opposition (#59), and a motion to extend time to respond to the motion to dismiss (#60). The court granted two of plaintiff's motions (#59 and #60) on November 28, 2012. (#61).

On November 29, 2012, plaintiff filed an amended motion for appointment of counsel (#62), and on November 30, 2012 plaintiff filed a supplement thereto (#63). On December 4, 2012, plaintiff filed a motion for judicial notice. (#65). On December 5, 2012, the defendants filed a motion to consolidate all outstanding motions for purposes of the hearing scheduled for December 13, 2012. (#67). The court granted the motion on December 7, 2012. (#68). The order stated that "no additional briefing is required on the pending motions..." and that "[t]he topic of further briefing will be addressed at the December 13, 2012 hearing." *Id.* On December 10, 2012, plaintiff filed another motion for judicial notice. (#69). On December 13, 2012, plaintiff filed a third motion for judicial notice. (#71).

**B.   Disputes**

   **1.   Extension of Time For Service (#36)/Compel Identification of Defendants (#37)**

Plaintiff seeks additional time under Rule 4(m) to effect service upon defendant Holloway, D. Davis, and Nelson. (#36). The Attorney General has provided the court (under SEAL) notice of Nelson's last known address. (#16). With regard to D. Davis and Holloway, plaintiff asserts that he may have the spelling wrong, but that throughout all of the grievance processes, the defendants never asserted that these individuals did not exist. (#36). Plaintiff argues that not accepting service on behalf of the defendants is a dilatory tactic by defendants and should not be tolerated by the court. *Id.* Plaintiff also states that he has been transferred away from Northern Nevada to Southern Nevada, and that this transfer has foreclosed plaintiff from gathering more information regarding defendants. (#37). Defendants assert in their opposition that the motion to compel identification (#37) should be denied, because (1) default has already been entered, (2) "[i]t is not the obligation or responsibility of the [d]efendants to investigate [p]laintiff's claims or help him prepare his lawsuit," *See generally, Hewlett–Packard Co. v. Bausch & Lomb, Inc.*, 116 F.R.D. 533, 538 (N.D.Ca.1987), (3) "[p]laintiff should have had personal knowledge of the identities of these officers had he brought this action in a

3

timely manner," and (4) "[p]laintiff's inability to identify these individuals simply demonstrates the frivolous nature of his claims as [p]laintiff is unable to identify those individuals he claims played a personal role in violating his constitutional rights." (#49).

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff Almy stated during the hearing that he has served defendant Nelson though the U.S. Marshals at the address provided by the Attorney General (#16). The court need not order service upon defendant Nelson. The Deputy Attorney General informed the court during the hearing that his office has been able to identify former employees with the last names Davis and Holloway, and that Davis' first name may be Michael and Holloway's first name may be Johnny. The Attorney General's office is waiting for Davis' request for counsel, and stated that the office will be able to accept service for Davis within the next week. The Deputy Attorney General also stated that his office is obtaining the last known address of Johnny Holloway, and will file it under SEAL with the court upon receipt.

Plaintiff's motion for extension of time (#36) is GRANTED. The deadline to effectuate service on the remaining defendants is February 11, 2013. Plaintiff's motion to compel identification of defendants (#37) is GRANTED. The Attorney General's Office must proceed as stated above with regard to accepting service on behalf of Davis and filing under SEAL the last known address of Holloway. The Attorney General's Office must also inform plaintiff when it is able to accept service on behalf of Davis.

**2.    Motion To Appoint Counsel for Defendants (#38)**

Plaintiff asks this court to appoint the Attorney General as counsel for defendants Holloway and D. Davis. (#37). This motion (#37) is denied as improper, because (1) the defendants have not been

4

1 served under Rule 4, (2) the defendants may not wish to have the Attorney General represent them and
2 could seek outside counsel, (3) the defendants could reject legal representation under NRS 41.03455,
3 (4) the Attorney General's office could deny a request for legal representation under NRS 41.0339, (5)
4 the court does not appoint counsel to represent defendants in civil matters, and (6) the issue was
5 discussed during the hearing and the Attorney General's Office is in the process of representing
6 defendant Davis and will be open to representing Holloway if he desires.

### 3. Motion for Early Submission of Expanded Interrogatories (#39)

Plaintiff asks this court to permit him to submit more than 25 interrogatories prior to conferring as required by Rule 26(a)(1)(B). (#39). Plaintiff's request should is denied *without prejudice*, as (1) discovery cannot be sought from any source prior to commencement of discovery (Fed. R. Civ. P. 26(d)(1) "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)), (2) plaintiff has not stated how many interrogatories he wishes to serve or the nature of those interrogatories, (3) plaintiff has not demonstrated why he cannot complete discovery in the normal course, and (4) if, during the course of discovery, plaintiff needs to serve more interrogatories than permitted under the federal rules, plaintiff may file a motion with the court providing the court with a copy of the proposed interrogatories.

Pursuant to Local Rule 16-1(b), "in actions by or on behalf of inmates under 42 U.S.C. § 1983 ...no discovery plan is required," rather "a scheduling order [is] entered within thirty (30) days after the first defendant answers or otherwise appears." Since defendants appeared in this action on August 29, 2012 (#14), and filed their motion to dismiss (#27) on October 11, 2012, entering a scheduling order is proper at this time. *See* LR 16-1(b). The discovery deadlines set forth in the order block below will apply.

### 4. Objection/Motion To Strike (#53)

Plaintiff asserts that the defendants' opposition to plaintiff's motion for preliminary injunction should be stricken. (#53). Plaintiff stated during the hearing that he wanted to withdraw his motion

(#53), as he is now is LoveLock Correctional Center and the witnesses are more accessible. In anticipation for the hearing, the Deputy Attorney General contacted an individual at LoveLock to coordinate plaintiff gaining access to potential witnesses. The objection/motion to strike (#53) is stricken, as the plaintiff orally withdrew the motion.

### 5. Motion for Sanctions (#54)

Plaintiff asserts that the defendants violated Rule 11 and should be sanctioned for their opposition to plaintiff's motion for preliminary injunction (#23). (#54). Plaintiff alleges that (1) defendants' opposition was a "barrage of inane arguments...that plaintiff did not comply with the proper procedure to gain NDOC authorization," (2) defendants' opposition was not served, and service was only on Exhibit B to the defendants' November 7, 2012, response to request for ruling of default, (3) defendants did not file answers to the complaint, which were due on October 28, 2012, (4) defendants did not answer or object to plaintiff's interrogatories, (5) defendants' actions/inactions have caused undue expense in "perfecting and serving" many of his motions, (6) defendants' pleadings are prohibited by the constitution, and (7) defendants' opposition (#23) to the motion for preliminary injunction improperly states that plaintiff did not comply with the request process. (#54). Plaintiff is seeking $100 sanctions from each of the defense attorneys and an award of $100 in attorneys' fees. *Id.*

The motion for sanctions (#54) is DENIED, as plaintiff failed to comply with Rule 11 before filing the motion. Fed. R. Civ. P. 11 provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

### 6. Motion to Compel Service (#58)

Plaintiff asks this court to compel defendants to serve plaintiff will all further motions,

6

oppositions, and replies in a timely fashion, or "suffer contempt of court penalties up to default of issue." (#58). Plaintiff also sought to file an opposition to the motion to dismiss (#27) and an extension of time to do so in the same motion. (#59 and #60). The District Judge granted these motions (#59 and #60) on November 28, 2012, and ordered defendants to "serve another copy of the partial motion to dismiss (doc. # 27) on plaintiff on or before December 3, 2012." (#61). The court also dropped a footnote explaining to the plaintiff that "[t]he court is aware of the sluggish pace at which correspondence is received and sent through the prison mail system. And the court has afforded a generous amount of time to accommodate these circumstances (as demonstrated by this court *sua sponte* providing plaintiff with an additional month to respond to defendants' partial motion to dismiss)." *Id.*

Fed. R. Civ. P. 5(a) provides that "[u]nless these rules provide otherwise, each of the following papers must be served on every party: (A) an order stating that service is required; (B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5© because there are numerous defendants; (C) a discovery paper required to be served on a party, unless the court orders otherwise; (D) a written motion, except one that may be heard ex parte; and (E) a written notice, appearance, demand, or offer of judgment, or any similar paper."

The Deputy Attorney General represented to the court that he does not know why plaintiff is not receiving documents, and offered to fax or email pleadings to LoveLock for personal delivery to plaintiff. Plaintiff agreed that this would resolve the issue. The Deputy Attorney General also stated that he would be willing to stipulate and provide additional time for plaintiff to respond to any pleading in the future. The parties agreed that plaintiff would have until February 28, 2013, to file his opposition to the partial motion to dismiss (#27). The motion to compel (#58) is GRANTED in part, and the Attorney General is ordered to comply with the procedure for service upon plaintiff via email or fax. The parties are encouraged to work together and stipulate to any necessary extension in the future *prior* to seeking court intervention.

. . .

7

**7.     Amended Motion for Appointment of Counsel (#62) and Supplement (#64)**

Plaintiff argues that appointing counsel is necessary as (1) plaintiff is indigent and unable to afford counsel or gain pro bono representation, (2) plaintiff's imprisonment greatly limits his ability to litigate this matter, as plaintiff is being deprived of witnesses by defendant prison authorities, (3) the case is complex, (4) a trial in this case will likely involve numerous witnesses etc. which counsel could better handle, and (5) plaintiff is being repeatedly transferred and segregated which inhibits his ability to litigate this case or contact jailhouse lawyers.  (#62).

The court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

The court finds that exceptional circumstances warranting appointment of counsel do not exist. Discovery has not commenced in this action and there is a motion to dismiss (#27) pending before the District Judge.  At this stage in the proceedings, the court is unable to fully evaluate the likelihood of success on the merits of plaintiff's claims. *Terrell,* 935 F.2d at 1017.  With regard to plaintiff's ability to articulate his claims, as the court has reviewed and addressed several motions filed by the plaintiff herein and has been able to understand plaintiff's arguments (regardless of the merits of those arguments), the court finds that plaintiff is able to articulate his claims at this time. *Id.*  The plaintiff's concerns with segregation and repeated transfers were also addressed at the hearing.  Plaintiff stated that he believes that his transfer to LoveLock will have a positive impact on his ability to litigate his claims, and the Deputy Attorney General is assisting plaintiff in his efforts to meet with potential incarcerated witnesses.  The motion to appoint counsel (#62) is DENIED.

. . .

### 8. Motions for Judicial Notice (#65, #69, and #71)

Plaintiff asks this court to take judicial notice of (1) the fact that his intent was not to misrepresent to the court that defendants had been served in his motion for default, it was to inform the court of his continued efforts to serve," (2) the fact that it has been 90 days since the complaint was filed and plaintiff has not received service of defendants' answer, motion to dismiss, motion to extend time, or other responsive pleading, and (3) the fact that defendants' counsel has intentionally misrepresented facts regarding service, the requests for default, and interrogatories. (#65). Plaintiff also asks this court to take judicial notice of the fact that he has not received an opposition to plaintiff's motion for extension of time for service. (#69). The Deputy Attorney General stated during the hearing that plaintiff did not receive an opposition to the motion (#36) because no opposition was filed. After the hearing, the court received plaintiff's third motion for judicial notice (#71) seeking judicial notice of the fact that he "has initiated service of the Civil Rights Complaint in this matter upon Defendant Terry Nelson..." (#71).

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201. The items that plaintiff asks the court to take judicial notice of do not satisfy section (1) or (2) of Rule 201.[1] The motions for judicial notice (#65, #69, and #71) are DENIED.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Extension of Time (#36) is GRANTED. The deadline to effectuate service on the remaining defendants is February 11, 2013.

---

[1] Plaintiff appears to be using "Judicial Notice" as a form of communicating with the court. Plaintiff is advised, as he was during the hearing, that the term "Judicial Notice" is a term of art under the Federal Rules of Evidence, and is not to be used to communicate to the court. If plaintiff needs to inform the court of a fact or circumstance, plaintiff may file a "Notice" with the court.

(2)   Plaintiff's Motion to Compel Identification of Defendants (#37) is GRANTED. The Attorney General's Office must proceed as stated above with regard to accepting service on behalf of Davis and filing under SEAL the last known address of Holloway. The Attorney General's Office must also inform plaintiff when it is able to accept service on behalf of Davis.

(3)   Plaintiff's Motion to Appoint Counsel (#38) is DENIED.

(4)   Plaintiff's Motion for Plaintiff's Early Submission of Expanded Interrogatories (#39) is DENIED.

(5)   Plaintiff's Objection/Motion to Strike (#53) is STRICKEN, as plaintiff orally withdrew the motion.

(6)   Plaintiff's Motion for Sanctions (#54) is DENIED, as plaintiff failed to comply with Rule 11 before filing the motion.

(7)   Plaintiff's Motion to Compel Service (#58) is GRANTED in part. The Attorney General's Office must effect service upon plaintiff of any pleadings via email or fax as discussed during the hearing.

(8)   Plaintiff's Opposition to defendants' partial Motion to Dismiss (#27) is due on or before February 28, 2013.

(9)   Plaintiff's Amended Motion for Appointment of Counsel (#62) is DENIED.

(10)  Plaintiff's Motions for Judicial Notice (#65, #69, and #71) are DENIED.

IT IS FURTHER ORDERED that the following deadlines apply:

1.   DISCOVERY: Pursuant to LR 16-1(b), discovery in this action shall be completed on or before one hundred and eighty (180) days from the date of this Order, or **June 11, 2013.**

2.   Any and all pleadings that may be brought under Fed. R. Civ. P. 13 & 14, or joining additional parties under Fed. R. Civ. P. 19 & 20, shall be filed and served not later than ninety (90) days prior to the close of discovery, or **March 13, 2013.** Any party causing additional parties to be joined or

brought into this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or parties.

3. Amendments to pleadings as provided for under Fed. R. Civ. P. 15, if the same are allowed without leave of court, or motions for leave to amend, shall comply with LR 15-1 and shall be filed and served not later than ninety (90) days prior to the close of discovery, or **March 13, 2013.**

4. Expert disclosures shall be made sixty (60) days before the discovery cut-ff date, or on or before **April 12, 2013**, and the disclosures of rebuttal experts shall be made thirty (30) days after the initial disclosures of experts, and not later than **May 12, 2013**.

5. Dispositive Motions shall be filed and served no later than thirty (30) days after the close of discovery, or **July 11, 2013.**

6. The Joint Pretrial Order is due thirty (30) days after the dispositive motions deadline, or on **August 11, 2013.** If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court.

7. The Interim Status Report shall be due sixty (60) days prior to discovery cut-off or **April 12, 2013.**

8. EXTENSIONS OF DISCOVERY: Pursuant to LR 26-4, an extension of the discovery deadline will not be allowed without a showing of good cause. All motions or stipulations to extend discovery shall be received by the Court at least twenty-one (21) days prior to the date fixed for completion of discovery by this Scheduling Order, or at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court. The motion or stipulation shall include:

    (a) A statement specifying the discovery completed by the parties of the date of the motion or stipulation;

    (b) A specific description of the discovery which remains to be completed;

    (c) The reasons why such remaining discovery was not completed within the time

11

limit of the existing discovery deadline; and

    (d) A proposed schedule for the completion of all remaining discovery.

  9. In the event that the Federal Rules of Civil Procedure provide for any shorter time periods for the filing of motions or pleadings, said shorter time limits shall apply notwithstanding the time limits set forth in this Scheduling Order. Pursuant to the authority given to the Court in Fed. R. Civ. P. 16(b), motions for summary judgment under Fed. R. Civ. P. 56 must be filed no later than the time provided in paragraph 4 of this Order.

  10. Any stipulation or motion for modifications or extension of the discovery plan and scheduling order must be made not later than twenty-one (21) days prior to the discovery cut-off date, and not later than **May 21, 2013.**

  11. In all cases where a party or counsel is required to effect service hereunder, a certificate of such service shall be filed forthwith with the Clerk of the Court.

DATED this 14th day of December, 2012.

                               
                       **CAM FERENBACH**
                       **UNITED STATES MAGISTRATE JUDGE**