# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN ALMY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) 2:12-cv-00129-JCM -VCF<br>) |
| D. DAVIS, *et al.*, | ) **O R D E R**<br>)<br>) (Motion To Submit Plaintiff for Physical<br>) Exam #80) |
| Defendants. | )<br>) |

Before the court is plaintiff Kevin Almy's Motion To Submit Plaintiff for Physical Exam. (#80). Defendants D. Davis, *et al* filed an Opposition (#80), and plaintiff did not rile a Reply.

**A.     Relevant Background**

Plaintiff Almy filed his motion to proceed *in forma pauperis* (#1) and complaint (#1-1) on January 14, 2012. On January 24, 2012, plaintiff filed a motion to appoint counsel and to file enlarged complaint. (#2 and #3). On January 31, 2012, and February 2, 2012, the plaintiff filed two additional motions for appointment of counsel. (#4 and #5). On April 4, 2012, plaintiff filed an amended complaint (#6) and a motion to amend complaint (#7). On May 23, 2012, the plaintiff filed a letter requesting a status of his case. (#8). On June 18, 2012, the court issued a screening order granting the motion to amend complaint (#7), denying plaintiff's motions for counsel (#2, #4, and #5), and denying plaintiff's motion to file enlarged complaint (#3) as moot. (#9). The screening order also dismissed several claims and deferred ruling on the motion to proceed *in forma pauperis* (#1) until the parties had an opportunity to settle the dispute via mediation. *Id.*

On June 28, 2012, the court issued an order scheduling the matter for an inmate early mediation conference. (#10). The conference was held on August 10, 2012, and the parties did not settle. (#12). The court issued an order on August 13, 2012, granting the motion to proceed *in forma pauperis* (#1),

ordering partial payment of the filing fees, and ordering service on the defendants. (#13). On October 11, 2012, the defendants filed a partial motion to dismiss. (#27). Plaintiff filed a motion to extend time to respond to the motion to dismiss (#27). (#60). The court granted plaintiff's motion (#60) on November 28, 2012. (#61).

On January 10, 2013, plaintiff filed a motion for hearing/production of prisoner. (#78). On January 16, 2013, plaintiff filed a notice of partial motion to dismiss (#79), and on January 17, 2013, plaintiff filed a motion to submit plaintiff for physical exam (#80). On January 23, 2013, defendants filed a response to the notice (#79), and on January 24, 2013, defendants filed a response to the motion for hearing/production of prisoner (#83). On January 28, 2013, plaintiff filed a motion for the District Judge to amend order #61 (#84) and a motion for order to serve summons and civil complaint (#85). On February 1, 2013, defendants filed the instant motion to extend time to respond to plaintiff's motion to submit to physical exam (#80). (#86).

Plaintiff filed a reply in support of his motion for hearing/production of prisoner on February 12, 2013. (#88). On February 13, 2013, plaintiff filed an opposition to defendants' motion to extend time (#86). (#89). On February 15, 2013, defendants filed a reply in support of their motion for extension of time. (#90). Defendants filed an opposition to the plaintiff's motion to submit to physical exam (#80). (#91). On February 20, 2013, the court issued an order granting plaintiff's motion for order to serve summons and complaint (#85). (#92). On February 21, 2013, summons were issued as to Brandon Davis and Richard Nelson. (#93 and #93-1). On February 25, 2013, plaintiff filed an opposition to the motion to dismiss (#27). (#94).

On February 28, 2013, the court issued an order granting the motion to extend time to respond (#86) to motion to submit plaintiff to physical exam (#80). (#95). The court did not set an opposition deadline as defendants had already filed their opposition (#91). *Id.* On March 1, 2013, plaintiff filed a motion for sanctions (#96), motion for waiver of page limitations (#97), and motion to amend order (#98). Plaintiff's reply in support of his motion to submit plaintiff to physical examination (#80) was

2

due on March 1, 2013. Plaintiff did not file a reply.

**B.     Plaintiff's Motion To Submit For Physical Exam**

   **1.     Arguments**

Plaintiff asks this court to submit him to a "physical exam by Dr. George Michael Elkanich and/or other staff of Bone & Joint Specialists of Las Vegas, Nevada, for purposes of being an expert witness on behalf of the plaintiff..." (#80). Plaintiff asserts that he suffered multiple serious injuries in a rollover car accident in 2004, including "severe tearing of the left shoulder tendons and muscles." *Id.* Plaintiff states that Dr. Elkanich ordered him to undergo physical therapy for his shoulder and performed two surgeries on his shoulder. *Id.* Plaintiff claims that several incidents that occurred at the Nevada Department of Corrections (hereinafter "NDOC") facilities caused further injuries to his shoulder. *Id.*

Plaintiff asserts that Federal Rule of Civil Procedure 35 permits the court to order the physical examination of plaintiff and that "good cause" exists for the examination, because (1) plaintiff has the right to have an expert witness, (2) plaintiff continues to suffer pain, diminished strength, and range of motion, (3) plaintiff's pain has "imposed limitations on exercise thereby imposing adverse health implications," (4) NDOC has declined/refused to provide anything for plaintiff's pain, (5) NDOC has done nothing to repair the injuries inflicted by malicious and sadistic prison officials, (6) Dr. Elkanich "is best qualified to determine the extent of re-tearing/re-injury, and (7) any examination or reports by NDOC medical "this long after the injury would be suspect [of being] self serving." *Id.* Plaintiff also proposes a plan to bring him to the doctor's office and offers to pay the expense of any medical procedures Dr. Elkanich deems necessary. *Id.*

Defendants oppose the motion (#80) for several reasons, including: (1) Rule 35 does not authorize a litigant to seek his own physical examination, (2) plaintiff does not need a medical expert to establish the elements of his claims, (3) plaintiff is not permitted to seek supplemental medical treatment, and (4) the logistics of plaintiff's proposal are "unworkable." (#91). The defendants also

assert that plaintiff has not demonstrated that Dr. Elkanich has consented to conducting the physical exam or to being an expert witness in this action, and that plaintiff does not have the funds in his inmate account to pay for the transportation, the exam, or the costs of an expert. *Id.*

### 2. Relevant Law/Discussion

#### a. Rule 35

Rule 35(a)(1) states that "[t]he court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Fed. R. Civ. P. 35(a)(1). An order for the physical examination "may be made only on motion for good cause and on notice to all parties and the person to be examined; and must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(1)(2)(A) and (B).

Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Instead, under appropriate circumstances, it allows the court to order a party to submit to a physical examination at the <u>request of an opposing party</u>." *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009)(emphasis added); See also *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003) (holding that Rule 35 does not permit the court to appoint an expert to examine a party wishing an examination of himself and only, in certain circumstances, allows the court to order a party to submit to a physical examination at the request of an opposing party).

Plaintiff asks this court to submit him to a physical examination so that Dr. Elkanich can act as his expert and adequately determine the extent of his shoulder injuries. (#80). As previous courts have held, Rule 35 does not give this court the authority to appoint an expert to examine the plaintiff who is seeking examination of himself. *Smith,* 602 F. Supp. 2d at 526; *Brown*, 74 F. App'x at 614. Plaintiff's request to be submitted for a physical exam under Rule 35 (#80) in denied. *Id.*

4

### b. Rule 706(a)

"The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which reads, in part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed ...." *Lopez v. Scribner*, CVF045595OWWDLBP, 2007 WL 1215420 (E.D. Cal. Apr. 24, 2007) (citing Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999)). "The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (quoting *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995)). Pursuant to Rule 706, however, the court has discretion to apportion costs in the manner directed by the court, including the apportionment of costs to one side. Fed. R. Evid. 706(b). In situations such as this, where a plaintiff is proceeding in forma pauperis and is presumably unable to pay for an expert,[1] and the government would bear the cost of appointing the expert, the "court should exercise caution." *Id*.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702. The decision whether or not to admit expert testimony does not rest upon the existence or strength of the expert's opinion but rather whether the expert testimony will assist the trier of fact in drawing its own conclusion as to a fact in issue. *Lopez*, 2007 WL 1215420 *1 (citing *United States v. Rahm*, 993 F.2d 1405, 1412 (9th Cir.1993).

Plaintiff asserts claims for excessive force in violation of the Eighth Amendment. (#9). To prevail on a claim for excessive force, the plaintiff must establish that force was used "maliciously and

---

[1] Plaintiff states that he would "absorb the costs of Dr. Elkanich's examination" (#80), but the defendants provided the court with a copy of the plaintiff's inmate account inquiry demonstrating that plaintiff has $00.07 in his account and owes $355.41 (#91-4 Exhibit D).

sadistically for the purpose of causing harm," rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Plaintiff does not need to establish that his injury was "significant, serious, or more than minor." *Gomez v. Chandler,* 163 F.3d 921 (5th Cir. 1999).

An expert will not assist the trier of fact in understanding if the defendants' alleged use of force was malicious and sadistic for the purpose of causing harm. As this element "does not depend on technical determinations, but instead hinges on the intent of the prison administrators," and no "scientific, technical, or other special knowledge" is required to help the trier of fact, an expert is not necessary for plaintiff to present his case to a jury. *See Salcido v. Zarek,* 237 F. App'x 151, 152 (9th Cir. 2007)(holding that the District court did not err in denying plaintiff's request for an expert where the case depended on the defendants' intent in providing medical care to plaintiff); Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue...").

The expert is also not necessary to establish that plaintiff was injured. As plaintiff claims that he went to the infirmary after the incidents, plaintiff's medical records will demonstrate any injuries suffered. Appointing an expert to conduct a physical examination to determine the severity of his re-injury or the re-tearing of his shoulder is unnecessary. *Gomez*, 163 F.3d 921 (holding that demonstrating the severity of injury is not required).

To the extent plaintiff's motion (#80) seeks the appointment of an expert to testify on his behalf regarding his Eighth Amendment claims, the request is denied.

. . .

. . .

. . .

. . .

. . .

6

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff Kevin Almy's Motion To Submit Plaintiff for Physical Exam (#80) is DENIED.

DATED this 5th day of March, 2013.

                                           **CAM FERENBACH**
                                           **UNITED STATES MAGISTRATE JUDGE**