**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KEVIN ALMY,

              Plaintiff,

v.

D. DAVIS, *et al.*,

              Defendants.

2:12-cv-00129-JCM -VCF

**O R D E R**

(Motion For Order To Serve Summons and Complaint #105)

Before the court is plaintiff Kevin Almy's Motion For Order To Serve Summons and Complaint. (#105).

**A.     Relevant Background**

Plaintiff Almy filed his motion to proceed *in forma pauperis* (#1) and complaint (#1-1) on January 14, 2012. On January 24, 2012, plaintiff filed a motion to appoint counsel and to file enlarged complaint. (#2 and #3). On January 31, 2012, and February 2, 2012, the plaintiff filed two additional motions for appointment of counsel. (#4 and #5). On April 4, 2012, plaintiff filed an amended complaint (#6) and a motion to amend complaint (#7). On May 23, 2012, the plaintiff filed a letter requesting a status of his case. (#8). On June 18, 2012, the court issued a screening order granting the motion to amend complaint (#7), denying plaintiff's motions for counsel (#2, #4, and #5), and denying plaintiff's motion to file enlarged complaint (#3) as moot. (#9). The screening order also dismissed several claims and deferred ruling on the motion to proceed *in forma pauperis* (#1) until the parties had an opportunity to settle the dispute via mediation. *Id.*

On June 28, 2012, the court issued an order scheduling the matter for an inmate early mediation conference. (#10). The conference was held on August 10, 2012, and the parties did not settle. (#12). The court issued an order on August 13, 2012, granting the motion to proceed *in forma pauperis* (#1),

ordering partial payment of the filing fees, and ordering service on the defendants. (#13). On August 29, 2012, the Attorney General filed a notice of acceptance of service on behalf of defendants "Eric Fancher, Pamela Feil, Brandt Halling, Brian Henley, James Keener, Keith Kennedy, Robert LeGrand, Terry Lindberg, Wesley Mattice, Veronica Meza, Greg Smith, Ted Tackett, Tonya Thomas, Ruben Vidaurri, Maria Ward, and Tracey Ward." (#14). The notice stated that the Attorney General did not accept service on behalf of D. Davis or Holloway, as there are no current or past employees matching these descriptions. *Id.*

On August 29, 2012, defendants filed a sealed notice of the last known address for defendant Richard T. Nelson. (#16). On October 11, 2012, the defendants filed a partial motion to dismiss. (#27). On October 25, 2012, plaintiff filed a motion to extend time for service (#36), a motion to compel identification of defendants (#37), a motion for appointment of counsel (#38), a motion for early submission of expanded interrogatories (#39), and an emergency motion for temporary restraining order (hereinafter "TRO") (#40). The court denied plaintiff's motion for TRO (#40) *without prejudice*. (#41). On October 30, 2012, plaintiff filed a motion for entry of clerk's default as to all defendants. (#43). Default was entered on the same day (#44), and the court vacated the default on November 7, 2012 (#46), as defendants had appeared in the case. The clerk entered an amended default as to D. Davis, T. Nelson, and Holloway on November 8, 2012. (#48).

Defendants opposed the plaintiff's motion to compel (#37), motion for appointment of counsel (#38), and motion for early submission of expanded interrogatories (#39) on November 13, 2012. (#49 and #50). The court vacated the clerk's amended default (#48) on November 19, 2012 (#52), as Nelson, Davis, and Holloway had not been served. (#52). On the same day, plaintiff filed an objection/motion to strike (#53) and a motion for sanctions (#54). The undersigned issued a minute order on November 20, 2012, scheduling a hearing on the motion for extension of time for service (#36) for December 13, 2012. (#56). Plaintiff filed a motion to compel service (#58), a motion to permit plaintiff to file reply to defendants' opposition (#59), and a motion to extend time to respond to the motion to dismiss (#60).

1  The court granted two of plaintiff's motions (#59 and #60) on November 28, 2012. (#61).

2  On November 29, 2012, plaintiff filed an amended motion for appointment of counsel (#62), and on November 30, 2012, plaintiff filed a supplement thereto (#63). On December 4, 2012, plaintiff filed a motion for judicial notice. (#65). On December 5, 2012, the defendants filed a motion to consolidate all outstanding motions for purposes of the hearing scheduled for December 13, 2012. (#67). The court granted the motion on December 7, 2012. (#68). The order stated that "no additional briefing is required on the pending motions..." and that "[t]he topic of further briefing will be addressed at the December 13, 2012 hearing." *Id.* On December 10, 2012, plaintiff filed another motion for judicial notice. (#69). On December 13, 2012, plaintiff filed a third motion for judicial notice. (#71).

On December 13, 2012, the court held a hearing to address all pending discovery motions. (#36, #37, #38, #39, #53, #54, #58, #62, #63, #65, #69, and #71). (#72). On December 14, 2012, the court issued an order granting motions (#36 and #37), denying motions (#38, #39, #54, #62, #65, #69, and #71), partially granting (#58), striking (#53), and ordering plaintiffs' opposition to the defendants' partial motion to dismiss (#27) due on February 28, 2012. (#73). With regard to service, the court held that "[t]he Attorney General's Office must proceed as stated above with regard to accepting service on behalf of Davis and filing under SEAL the last known address of Holloway. The Attorney General's Office must also inform plaintiff when it is able to accept service on behalf of Davis." *Id.*

On December 19, 2012, the Attorney General's Office filed a notice of acceptance of service on behalf of "D. Davis," true name of Michael Davis. (#75). On January 10, 2013, the Attorney General's Office filed a corrected notice of acceptance of service, stating that after it accepted service on behalf of Michael Davis, plaintiff provided a more detailed description of this individual, "which resulted in Defendants discovering there was also a "Brandon Davis" employed at Lovelock Correctional Center on the day in question." (#76). The Attorney General's Office represented to the court that it "determined "Brandon Davis" is the individual identified as "D. Davis," as he was working the day shift on May 26, 2010," but that he is no longer an employee of the Nevada Department of

3

1 Corrections. *Id.* On the same day, the Attorney General's Office filed under SEAL a notice of last
2 known address for Brandon Davis. (#77). On January 10, 2013, plaintiff filed a motion for
3 hearing/production of prisoner. (#78). On January 16, 2013, plaintiff filed a notice of partial motion
4 to dismiss (#79), and on January 17, 2013, plaintiff filed a motion to submit plaintiff for physical exam
5 (#80). On January 23, 2013, defendants filed a response to the notice (#79), and on January 24, 2013,
6 defendants filed a response to the motion for hearing/production of prisoner (#83). On January 28,
7 2013, plaintiff filed a motion for the District Judge to amend its order (#84) and a motion for order to
8 serve summons and civil complaint (#85). On February 1, 2013, defendants filed a motion to extend
9 time to respond to plaintiff's motion to submit to physical exam (#80). (#86).

10 Plaintiff filed his reply in support of his motion for hearing/production of prisoner on February
11 12, 2013. (#88). Plaintiff filed an opposition to defendants' motion to extend time (#86). (#89). On
12 February 15, 2013, defendants filed a reply in support of its motion for extension of time. (#90).
13 Defendants filed an opposition to the plaintiff's motion to submit to physical exam (#80). (#91). On
14 February 20, 2013, the court issued an order stating that the court grants plaintiff's request for this
15 "court to order "the Marshals' Service to serve plaintiff's summons and civil rights complaints in the
16 instant case upon [d]efendants "Terry Nelson" and "Brandon Davis" to whom [d]efendants' counsel
17 filed last known addresses with the court." (#85)." (#92). The court ordered the Marshals to serve
18 Davis and Nelson and stated that the "plaintiff must file a notice with the court stating if defendants
19 were served." *Id.* The court issued summons as to Davis and Nelson on February 21, 2013 (#93).
20 Plaintiff filed the instant motion for order to serve summons and civil complaint on March 15, 2013.
21 (#105).

22 **B.      Plaintiff's Motion for Service (#105)**

23 Plaintiff asserts that he inadvertently omitted defendant Johnny Holloway from his original
24 motion for order to serve summons and complaint (#85), and asks this court for an order requiring the
25 Marshals to serve Johnny Holloway. (#105). The court held in its December 14, 2012, order, that

4

since the "Deputy Attorney General...stated that his office is obtaining the last known address of Johnny Holloway, and will file it under SEAL with the court upon receipt," the Attorney General's Office must file under SEAL the last known address of Holloway. (#73).

Upon a review of the docket in this matter, the court noticed that the Attorney General's Office did not file the last known address for Holloway as ordered by the court, and filed the last known address of Davis only (#77). On March 19, 2013, the court entered a minute order requiring the Attorney General's Office to file under SEAL the last known address for defendant Johnny Holloway on or before April 1, 2013. (#107). On March 29, 2013, the Attorney General's Office filed under SEAL the last known address of Johnny Holloway. (#109).

An incarcerated *pro se* litigant proceeding *in forma pauperis* must "be allowed the chance to serve defendants personally through the Marshal's Service." *Romandette v. Weetabix Co., Inc.,* 807 F.2d 309, 311 (2nd Cir. 1986); *See also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). As the plaintiff inadvertently did not include Holloway in his original motion for order to serve summons and complaint (#85)[1], and the Attorney General's Office has now filed under SEAL Holloway's last known address (#109), the court finds that ordering the Marshals to serve defendant Holloway is appropriate.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that plaintiff Kevin Almy's Motion For Order To Serve Summons and Complaint (#105) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court will make one copy of the amended complaint (#6), issue summons to defendant Johnny Holloway at the last known address filed under SEAL (#109), deliver the same to the U.S. Marshal for service, and send one blank copy of the USM-285 form to the plaintiff.

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel.)

1    IT IS FURTHER ORDERED that the plaintiff will have twenty (20) days to furnish to the U.S. Marshal the required USM-285 form.  Within twenty (20) days after plaintiff receives a copy of the completed USM-285 form from the U.S. Marshal, plaintiff must file a notice with the court stating if defendant Holloway was served.  If the plaintiff wishes to have the U.S. Marshal attempt service again on defendant Holloway, then a motion must be filed with the court.

DATED this 29th day of March, 2013.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**

6