# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KEVIN ALMY, | 2:12-cv-00129-JCM-VCF |
| Plaintiff, | **ORDER AND** |
| vs. | **REPORT AND RECOMMENDATION** |
| D. DAVIS, *et al.,* | **ADDRESSING ALL PENDING MOTIONS** |
| Defendant. | |

Before the court is *Kevin Almy v. D. Davis, et al.*, case no. 2:12-cv-00129-JCM-VCF.

This order addresses the following motions:

1. Defendants' Partial Motion to Dismiss (#27),

2. Plaintiff's Motion for Hearing/Production of Prisoner of Evidence/Oral Arguments (#78),

3. Plaintiff's Motion to Amend Order Re: Doc #59; Motion Ordering Court Clerk to Produce (#84),

4. Plaintiff's Motion for Sanctions Pursuant Fed. R. Civ. P. 11(c) et al. (#96),

5. Plaintiff's Motion for Waiver of Page Limitation (#97),

6. Plaintiff's Motion to Submit (#98),

7. Plaintiff's Motion for Leave to Amend Civil Rights Complaint (#112),

8. Plaintiff's Motion for Status Check (#136),

9. Plaintiff's Motion to Consolidate All Outstanding Motions and Request for Prompt Hearing for Same (#137),

10. Plaintiff's Motion to Compel Answers to Plaintiff's Interrogatories and Requests for Production of Documents (#'s 142 & 143),

11. Plaintiff's Motion to Extend Prison Copywork Limit (#147),

12. Plaintiff's Request for Submission of Plaintiff's Motion to Compel Answers to Plaintiff's Interrogatories and Requests for Production of Documents (#148),

13. Plaintiff's Request for Submission of Plaintiff's Status Check (#149),

14. Plaintiff's Request for Submission of Plaintiff's Motion to Consolidate All Outstanding Motions and Request for Prompt Hearing for Same (#150),

15. Plaintiff's Request for Submission of Plaintiff's Motion for Leave to Amend Civil Rights Complaint (Doc #112) and Supplemental (Doc #113) (#151),

16. Plaintiff's Request for Submission of Plaintiff's Motion for Sanctions Pursuant Fed. R. Civ. P. 11(c) et al. (Doc. #96) (#152),

17. Plaintiff's Motion to Compel Identification of Proposed Inmate Witnesses/Motion to Compel Deposition of Same/Motion to Expedite Same (#155); and,

18. Plaintiff's Motion for Enlargement of Deponents Limit Pursuant to Rule 30(a)(2)(A(i), et al. (#156).

**INTRODUCTION**

On July 2, 2013, the court entered an order deciding six motions (#145). Thereafter, the plaintiff filed eight new motions (#'s 147-152 and #'s 155 - 156) and a "Supplement" (#155). In addition to defendants' Motion to Dismiss (#27), recently referred to the undersigned Magistrate Judge for a Report and Recommendation, this order decides fifteen motions filed by the plaintiff. The order also addresses the process for deciding the remaining undecided motions (#'s 155 &156) and any motions filed by plaintiff after #156.

If the District Judge approves this report and recommendation, three claims of excessive force against six defendants and one claim of mail confiscation against two defendants will remain at issue in this case.[1]

These eight defendants, who have not been dismissed from the case, are ordered to file an answer to the remaining claims on or before August 16, 2013.  The discovery schedule set in the July 2, 2013, order (#145) will not be modified absent extraordinary circumstances, so that these four claims can be tried or otherwise resolved fairly and efficiently.

Defendant is advised that the serial filing of pretrial motions impairs the court's ability to address the substance of the four claims remaining in this case.  Because of the burden imposed by these motions, the court's ability to direct court resources to other cases on its docket is also adversely affected.  Accordingly, this Report and Recommendation includes a proposal for screening future filings by the plaintiff and requests authority to impose that screening process, should the plaintiff continue to burden the court with excessive motion practice.

**A.     Partial Motion to Dismiss (#27)**

Defendant seeks dismissal of Count VII, Improper Administrative Segregation at Warm Springs Correction Center; Count XIV, Procedural Irregularities During a September 11, 2011 Disciplinary

---

[1] 1. Count I will proceed as an excessive force claim against defendants D. Davis and T. Nelson.
   2.  Count III will proceed as an improper confiscation of mail from IRS claim against defendants Keener and Feil.
   3.  Count VIII will proceed as an excessive force claim against defendants Halling and Vidaurri.
   4.  Count XI will proceed as an excessive force claim against defendants Meza, Vidaurri, and Faucher.
   5.  On August 29, 2012, the Attorney General's Office accepted service on behalf of defendants Keener, Feil, Halling, Vidaurri, Meza, and Faucher.  The Attorney General's Office accepted service on behalf of D. Davis on December 19, 2012. On June 13, 2013, the Attorney General's Office accepted service on behalf of Defendant Terry Nelsen who was erroneously sued as T. Nelson.

Hearing; and Count XV, Retaliation for Brining Excessive Force Claims. Defendants' assertion that plaintiff has not exhausted administrative remedies available on these claims is correct.

### 1. Count VII

As pointed out in Defendants' Reply (#101), Plaintiff admits that he did not exhaust his administrative remedies as to Count VII, but claims that he was excused from doing so because prison staff rendered those remedies unavailable by denying him grievance forms. He states that he was provided one grievance form upon being placed in segregation, which he used to grieve a separate issue concerning his ibuprofen. This fact alone belies his claim that he was denied access to the grievance process. In addition, he later acknowledges that after he was moved to a different cell, he was given numerous grievance forms, which he used for grievance numbers 20062910448 (dated December 22, 2010), 20062910443 (dated December 22, 2010), and 20062910708 (dated December 29, 2010). Opposition, p.7 lines 14-18. (See Dkt. #27-7, pp. 21-23). These three grievances could also have been used to grieve the issue complained of in this lawsuit, but Plaintiff chose to use them for other reasons. Plaintiff raises several other arguments about the different ways in which the grievance process was made unavailable to him, but none negate the fact that he chose to file at least four grievances on topics other than the one raised in this suit. He has failed to exhaust his administrative remedies as to Count VII without legal excuse. Dismissal of Count VII is recommended.

### 2. Count XIV

Plaintiff admits that he did not exhaust his administrative remedies as to Count XIV but blames that on being unable to afford to attach copies of the required paperwork to his disciplinary appeals. He maintains that the NDOC should have taken on those costs as a favor to him. Though forty cents sounds like a paltry amount, covering that sum for Plaintiff and no other inmate would expose the prison to claims of unequal treatment, and to do the same favor for all inmates would be unreasonably expensive

and burdensome. Plaintiff is not entitled to special treatment. He must follow the rules of grievance process.  Dismissal of Count XIV is recommended.

### 3. Count XV

Plaintiff does not explain why, when given the opportunity to fix the errors with his grievance, he did not do so. He blames the form requirements, challenges the single-issue limitation, and takes issue with the timing of the five-day response requirement.  None of these reasons justify plaintiff's failure to follow the rules as prescribed.  Plaintiff simply did not exhaust his administrative remedies on Count XV.  Dismissal of Count XV is recommended.

### B. Motion for Hearing (#78)

In this motion, plaintiff requests a hearing on Defendants' Partial Motion to Dismiss (#27).  A hearing is not required for the disposition of that motion.  Plaintiff's Motion for Hearing (#78) is denied.

### C. Motion for Reconsideration of Order (#84)

This motion requests reconsideration of Order (#61), which set certain briefing deadlines for a Motion for Preliminary Injunction (#21) and the Partial Motion to Dismiss (#27) addressed above.  The motion also requests that the Clerk of this Court perform unique tasks to assist the plaintiff.  The first requests regarding briefing are denied as moot.  The request that the Clerk be ordered to assist the plaintiff in prosecuting this action is denied as unwarranted.

### D. Motion for Sanctions (#96)

Plaintiff seeks the imposition of sanctions against defendants' former counsel Denis S. McKay, claiming that a statement Mr. McKay included in defendants' Response to Notice of Document (#82) was "Intentionally defamatory," "highly prejudicial" and violated Rule 11 of the Federal Rules of Civil Procedure.  The sentence read "In fact, Plaintiff was well aware that Defendants had resolved this issue before he filed the instant Notice of Document, as he received the corrected Notice of Acceptance of Service on January 11, 2013, the same day he filed the instant pleading."(#82).  If this statement is

inaccurate it did not violate Rule 11. At most it was mistake, which would be certainly understandable given the level of complexity created by plaintiff's multiple filings. Plaintiff's Motion for Sanctions (#96) is denied.

### E. Motion for Waiver of Page Limitation (#97)

Plaintiff's requests a waiver of the page limitation imposed by Local Rule 7-4. Defendants did not oppose that motion. Pursuant to LR 7-2 (d), "[t]he failure of an opposing party to file points and authorities in response to any motions shall constitute a consent to the granting of the motion." Plaintiff's Motion for Waiver of Page Limitation (#97) is granted.

### F. Motion to Submit (#98)

This motion informs the court that the Motion for Reconsideration (#84) is ready for decision. Plaintiff's Motion to Submit (#98) is denied as moot.

### G. Motion for Leave to Amend Civil Rights Complaint (#112)

This motion seeks amendment of plaintiff's complaint to: (1) redact counts dismissed by the screening order (#9); (2) clarify defendant identities; (3) supplement counts due to continued related violations; and (3) perform maintenance/supplement retaliation (Count VII) to include continued violations. (#112 at 1). At the time this motion was filed, April 3, 2013, the time for filing motions to amend, set in Order # 73, had expired. In order #145, at paragraphs 2 and 3, on page 9, the court included provisions in the new discovery plan and scheduling order extending the time for joining additional parties and seeking leave to amend the complaint. Those two paragraphs are stricken from that order.

Extensive effort by the court and parties has been exerted to bring this case to a posture where four substantive claims can be litigated against eight identified and served defendants. In the interests of justice and in accordance with the Rule 1 of the Federal Rules of Civil Procedure, permitting the

proposed amendments of claims and addition of parties will inappropriately delay the resolution of this case. It is Recommended that the Motion to Amend (#112) be denied.

### H. Motion for Status Check (#136)

Plaintiff requests a status check into the progress of pending motions in this case. This report and recommendation and order resolves all pending motions. Motion for Status Check (#136) is denied as moot.

### I. Motion to Consolidate All Outstanding Motions (#137)

Plaintiff requests a hearing wherein all pending motions may be addressed or resolved. This report and recommendation and order resolves all pending motions. Motion to Consolidate All Outstanding Motions (#137) is denied as moot.

### J. Motion to Compel (#143)

Plaintiff requests an order compelling the service of answers to interrogatories and sanctions. In their response (#153), defendants (1) admit that some of their responses were late, but provide explanations for the delay, and (2) assert that all discovery due to date has been responded to. Plaintiff did not file a reply disputing these facts and arguments.

Plaintiff seeks relief based on the late service of some discovery responses and challenges the appropriateness of defendants' responses to requests for admissions. Under the circumstances, sanctions are not warranted based on the timing of defendants' responses. Every one of defendants response to requests for admissions, as set forth in exhibits 6- 20 (#142) to plaintiff's motion (#143), contains an express "admit" or "deny." In many cases defendants objected to the requests before stating their response. These objections are preserved for trial. Subject to those objections, however, defendants have expressly stated an admission or denial of each request. Motion to Compel (#143) is denied.

**K.    Motion to Extend Prison Copywork Limit (#147)**

In this motion plaintiff argues, "Defendants have repeatedly employed tactics which intentionally and unnecessarily increase the extent and expense of litigation."  (#147 at 2).  To the contrary, it is plaintiff who has unnecessarily compounded these proceedings.  Accordingly, this Motion to Extend Prison Copywork Limit (#147) is denied.

**L.    Motion for Submission (#148)**

This motion requests that motions numbered 142 and 143 be submitted for decisions.  Although styled as a motion, #142 contains the exhibits to motion #143.  Motion 143 has been decided in this order.  Motion #142 will be administratively terminated, as it is not a motion.  This Motion for Submission (#148) is denied as moot.

**M.    Motion for Status Check (#149)**

This motion requests that a prior Motion for Status Check (#136) be submitted to the Court.  That motion for status check addresses the pending motions decided in this order.  The previous Motion for Status Check (#136) is being denied in this order as moot.  This Motion for Status Check (#149) is also denied as moot.

**N.    Motions for Submission (#'s 150, 151 and 152)**

As with the Motion for Status Check (#149), all three of these motions, in essence, request that the court decide some of the motions decided in this order.  Motions numbered 150, 151 and 152 are denied as moot.

**O.    Pending and Future Motions**

Motions #155 and #156 shall be briefed in the ordinary course.  Given the discovery cut-off date of December 26, 2013, the court will endeavor to decide these motions soon after briefing is completed.

The court does not exist solely to decide plaintiff's repetitive and excessive filings. See *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be

tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Due to this plaintiff's repetitive and numerous filings with the court, the plaintiff must seek leave of the court to file any further motions in this case. The request may be no more than two pages in length, with no exhibits attached, and state the relief sought and why plaintiff is entitled to any relief.

**ORDER**

IT IS FURTHER ORDERED that Motions numbered 78, 84, 96, 112, 143, and 147 are DENIED.

IT IS FURTHER ORDERED that Motions numbered 98, 136, 137, 148, 149, 150, 151, and 152 are DENIED as MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Waiver of Page Limitation (#97) is GRANTED.

IT IS FURTHER ORDERED that Motion #142 is administratively terminated by the Clerk's Office, as it is not a motion.

**RECOMMENDATION**

Based on the foregoing as described above, it is the recommendation of the undersigned United States Magistrate Judge that Partial Motion to Dismiss (#27) be DENIED in part and GRANTED in part. It is further recommended that the Motion to Amend (#112) be DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 31st day of July, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE