UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN ALMY,  )
        Plaintiff,  )  2:12-cv-00129-JCM-VCF
          )
vs.  )
          )  **ORDER**
D. DAVIS, *et al.*,  )
        Defendants.  )
_____/

    Presently before the court is the report and recommendation of Magistrate Judge Farenbach (doc. # 159) regarding defendants' partial motion to dismiss (doc. # 27) and plaintiff's motion for leave to amend (doc. # 112). *Pro se* plaintiff Kevin Almy filed objections (doc. # 164) to which defendants responded (doc. # 175). Plaintiff then filed a reply. (Doc. # 182).

**I.    Background**

    **A.    Facts**

    Plaintiff Kevin Almy is currently in custody at the Lovelock Correctional Center in Lovelock, Nevada. Defendants' motion seeks to dismiss counts VII, XIV, and XV of plaintiff's first amended complaint. These counts allege various civil rights violations, specifically that plaintiff was forced into a frigid cell for five days without proper clothing, that plaintiff was denied due process during a

disciplinary proceeding, and that some of the defendants have carried out acts of abuse against plaintiff in retaliation for plaintiff's exercise of his First Amendment rights. (Doc. # 94).

### B. Report & recommendation and objections

On July 31, 2013, Magistrate Judge Farenbach entered a report and recommendation (doc. # 159) recommending that the court grant defendants' partial motion to dismiss (doc. # 27). The magistrate judge further recommended that the court deny plaintiff's motion to amend (doc. # 112). Additionally, Magistrate Judge Farenbach requested authority to impose a screening process for future motions filed in this case by plaintiff.

Plaintiff objects to all of Judge Farenbach's recommendations.[1] (Doc # 164).

## II. Legal standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); LR IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)©; LR IB 3–2(b). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*

However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'").

. . .

. . .

---

[1] The court notes that plaintiff also includes objections to additional orders made by Magistrate Judge Farenbach. These objections are made in regard to the magistrate judge's denial of plaintiff's motions #96, #143, #147, #148, #149, #150, #151, and #152. Though the magistrate judge issued those orders within the document that included the report and recommendation (doc. # 159), they do not require the approval of this court. Thus, the court will not consider plaintiff's additional objections absent a motion to reconsider.

**III.  Discussion**

The court limits its analysis to a de novo review of the portions of the report to which objections were made. *See* 28 U.S.C. § 636(b)(1)©.

*Pro se* plaintiff objects to the report and recommendation because: (1) he argues he had good cause not to exhaust administrative remedies regarding his claims, (2) denying the motion for leave to amend will cause plaintiff hardship arising from the process of re-drafting a pleading, and (3) plaintiff was not given a warning about the possibility of the court imposing a screening process. (Doc. # 164).

**A.   Objections to Judge Farenbach's recommendation to grant defendants' partial motion to dismiss**

Count VII

Magistrate Judge Farenbach recommended that defendants' partial motion to dismiss (doc. # 27) be granted. This action would have the effect of dismissing count VII, count XIV, and count XV of plaintiff's complaint.

The magistrate judge recommended that the motion be granted as to count VII, because the fact that plaintiff was able to file a grievance on a separate issue at the time the events alleged in this count occurred and the fact that he was able to file three additional grievances after moving to a different cell "belie[] [plaintiff's] claim that he was denied access to the grievance process." (Doc. # 159, 4:6-13). Thus, the magistrate judge concluded that plaintiff was not excused from exhausting administrative remedies as required under 42 U.S.C.A. § 1997e(a).

Plaintiff objected to this conclusion, arguing that he was denied access to sufficient forms with which to file his numerous grievances. Plaintiff claims that he did not file a grievance on this particular count, which involves allegations that he was forced into a frigid cell and deprived of warm clothing for over 100 hours, because at the time he was removed from the cell "his immediate priorities were focused on the continuing issues of abuse in front of him." (Doc. # 164, 3:12-14).

While plaintiff's assertion that he prioritized ongoing issues over those that had already been resolved is understandable, it does not explain why plaintiff never filed a grievance based on the conduct

1  he alleges in this count. While plaintiff makes clear that he had significant difficulty obtaining grievance
2  forms between November 28 and December 1, 2010, the fact that plaintiff was given three grievance
3  forms on December 2, 2010, indicates that the grievance process was made available to him at that time.
4  Though it is evident that plaintiff sought to file many grievances at that point, plaintiff does not
5  specifically state that the staff refused to give him additional forms with which to file his grievances. As
6  such, the court agrees that plaintiff failed to exhaust his administrative remedies as to count VII without
7  legal excuse. Accordingly, the count will be dismissed.

8  <u>Count XIV</u>

9  The magistrate judge recommended that the motion also be granted as to count XIV. As to this
10  count, plaintiff acknowledges that he did not exhaust his administrative remedies, but claims he should
11  be excused because the prison library refused to make additional copies of the paperwork required to
12  properly file his grievances after he exhausted his $100 copy limit. The magistrate judge observed that
13  the prison would be unreasonably burdened if it were forced to cover the cost of producing unlimited
14  copies for every prisoner. Accordingly, the magistrate judge concluded that plaintiff's circumstance did
15  not excuse his failure to exhaust.

16  Plaintiff objects by stating that the staff's refusal to allow plaintiff to copy four additional pages
17  is "wholly inconsistent with the American ideals of justice." (Doc. # 164, 4:6-8.)

18  While the situation may seem unjust to plaintiff, the court agrees with the conclusions of the
19  magistrate judge. The prison's law library has limited resources, and placing a $100 copy limit ensures
20  that all patrons will have access to copying services. The law library would be substantially burdened
21  if it were forced to provide unlimited copies for all of its users. There is also no reason that the library
22  should be forced to give special treatment to plaintiff that it does not give to other users. The library's
23  act of adhering to its pre-established policy by refusing to allow plaintiff to exceed the $100 limit,
24  therefore does not excuse plaintiff's failure to exhaust administrative remedies.

25  . . .
26  . . .

Count XV

The magistrate judge also recommended that the partial motion to dismiss be granted as to count XV. Plaintiff acknowledges that he did not exhaust administrative remedies, but claims he should be excused from doing so because his various grievances were rejected due to an ambiguously worded form requirement, a single-issue-per-grievance limitation, and a five day response requirement. The magistrate judge recommended that these failures to adhere to the requirements of the grievance process did not excuse plaintiff from exhausting administrative remedies.

Plaintiff objects by arguing that this claim does not depend upon the four grievances that defendants point to. He indicates that even if these four rejected grievances are disregarded, that there are other grievances involved in this count for which he did exhaust his administrative remedies.

Problematically, plaintiff does not identify any grievances that this claim is based upon for which he has exhausted administrative remedies. Additionally, as observed by the magistrate judge, plaintiff does not specify why he did not resubmit these four grievances after they were rejected for failing to adhere to the administrative requirements. Accordingly, the court is inclined to accept the recommendation of the magistrate judge that this claim should be dismissed.

For the foregoing reasons, the plaintiff's objections as to the magistrate judge's recommendation on defendants' partial motion to dismiss are OVERRULED.

**B.     Objection to Judge Farenbach's recommendation to deny plaintiff's motion for leave to amend**

The magistrate judge recommended that plaintiff's motion for leave to amend (doc. # 112) be denied. In support of this recommendation, the magistrate judge cited that the motion was filed after the initial deadline had passed. (Doc. # 159, 6:16-17). Additionally, the magistrate judge observed that plaintiff, defendants, and the court have all put in extensive effort to bring this case to a point that it can be efficiently litigated, and that any further leave to amend would inappropriately delay the case.

Plaintiff objects, stating that if the motion is denied, he will have to file additional claims in Reno, Nevada, which could be more costly for all parties involved.

1    While the court acknowledges the potential that plaintiff's additional filings could be more
2 costly, the court reserves the ability to consolidate any future claims or actions filed by plaintiff into this
3 case for the sake of efficiency if and when it is appropriate to do so. *See* FED. R. CIV. P. 42(a). Thus,
4 considering the substantial resources that have been put into bringing this case into its current form, the
5 court agrees with the recommendation of the magistrate judge that the motion for leave to amend should
6 be denied.

7    Accordingly, this objection is OVERRULED.

8    **C.   Objection to Judge Farenbach's recommendation regarding future filings with the**
9         **court**

10   As part of the report and recommendation, the magistrate judge requested "authority to impose
11 [a] screening process" on future filings by plaintiff. (Doc. # 159, 3:11-13). This screening process would
12 require that the plaintiff "seek leave of the court to file any further motions in this case. The request may
13 be no more than two pages in length, with no exhibits attached, and must state the relief sought and why
14 plaintiff is entitled to any relief." (Doc. # 159, 9:3-5).

15   Plaintiff argues that such an action would be inappropriate because there has been no forewarning
16 of the possibility that such a screening process would be imposed, and that his numerous filings have
17 been necessitated by the actions of defendants in this case.

18   While the court is understanding of plaintiff's zeal for his position, it recognizes that excessive
19 and repetitive filings severely hinder the efficient resolution of this and other cases before the court, and
20 stand in direct opposition to the interests of justice. The court agrees that the screening plan detailed by
21 the magistrate judge is appropriate in this case. Plaintiff should not view this action as a sanction or be
22 discouraged from making substantive, nonfrivolous filings. On the contrary, this screening process will
23 allow the court to give greater consideration to actions sought by plaintiff that have true legal merit.

24   Accordingly, the court will grant the magistrate judge's request to impose a screening process
25 upon future filings by plaintiff.

26

**IV.     Conclusion**

After having conducted a de novo review of those portions of the report objected to,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Farenbach's report and recommendation regarding defendants' partial motion to dismiss (doc. # 27) and plaintiff's motion for leave to amend (doc. # 112) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that defendants' partial motion to dismiss (doc. # 27) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend civil rights complaint (doc. # 112) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, due to plaintiff's numerous and repetitive filings, plaintiff must request leave of the court to file any further motions with the court in this case. The request may be no more than two pages and must state the relief sought and the reason he is entitled to such relief.

Dated September 27, 2013.

_____
UNITED STATES DISTRICT JUDGE