1

2                      **UNITED STATES DISTRICT COURT**

3                            **DISTRICT OF NEVADA**

4                                      ***

5

6

7    KEVIN ALMY,                          2:12-cv-00129-JCM-VCF

8                      Plaintiff,         **ORDER**

9    vs.

10   D. DAVIS, *et al.,*

11                     Defendants.

12

13          Before the court is *Kevin Almy v. D. Davis, et al.*, case no. 2:12-cv-00129-JCM-VCF.

14   This order addresses the following motions:

15          1.  Motion to Compel (#155),

16          2.  Motion for Enlargement of Deponents Limit (#156),

17          3.  Motion for Order to Show Cause (#162),

18          4.  Motion for Magistrate Judge to Reconsider Magistrate Judge Order (#166),

19          5.  Motion re [156] Motion for Enlargement of Deponents Limit (#171),

20          6.  Motion for Submission of re [160] Supplement (#172),

21          7.  Motion for Order to Compel Answers to Written Discovery Requests (#176),

22          8.  Motion for Submission of re [155] Motion to Compel (#178),

23          9.  Motion to Extend Time regarding discovery/nondispositive matter (#180),

24          10. Motion to Strike Supplement to Motion to Compel (#183),

25

11. Motion to Strike Motion for Order to Compel Answers to Written Discovery Requests (#184),

12. Motion to Clarify Report and Recommendation(#188),

13. Request for Leave to File Motion for Default Judgment of Defendant Brandon Davis (#190),

14. Request for Leave to File Motion to Recuse Magistrate Judge Cam Ferenbach (#191),

15. Request for Leave to File Motion to Compel Answers to Interrogatories, Request for Admissions, Production of Documents (Fourth Request) (#192),

16. Request for Leave to File Motion to Strike Defendant Answers to Plaintiff's Interrogatories and Production of Document Proffered Prior to July 16, 2013 (#193),

17. Request for Leave to File Motion for Reconsideration of Motion for Leave to Amend Civil Rights Complaint (#195),

18. Request for Leave to File Motion for Reconsideration of Motion to Extend Prison Copywork Limit (#196),

19. Emergency Request for Leave to File Motion to Stay/Motion to Appoint Counsel/Motion to Change Venue (#197),

20. Plaintiff's Request for Leave to File Motion for Reconsideration of Order (#194) Granting Defendant's Partial Motion to Dismiss (#27) (#201),

21. Defendants' Motion for Protective Order (#199).

**Relevant Background:**

On July 25, 2013, Plaintiff filed his Motion to Compel Identification of Proposed Inmate Witnesses/ Motion to Compel Deposition of the same/Motion to Expedite Same (#155). Plaintiff filed his Plaintiff's Motion for Enlargement of Deponents Limited Pursuant to Rule 30(a)(2)(A)(i), et al., (#156) on July 26, 2013.

On July 31, 2013, the Court entered the Order and Report and Recommendation (#159) stating that Plaintiff's serial filing of pretrial motions impairs the Court's ability to address the substance of the four claims remaining in this case.  The Court ordered that Plaintiff must seek leave of the Court to file any further motions in this case.  The request may be no more than two pages in length, with no exhibits attached, and state the relief sought and why plaintiff is entitles to any relief.  From August 5, 2013 to October 24, 2013, Plaintiff has filed sixteen (16) motions.

**Motions:**

**I. Motion to Compel Identification of Proposed Inmate Witnesses/ Motion to Compel Deposition of the same/Motion to Expedite Same (#155)**

In Plaintiff's Motion (#155), he seeks Defendants Greg Smith and Wesley to compel with the discovery request listed below:

> A.  Produce a list of the names, NDOC identification numbers, and locations of the nine (9) inmates transported along with Plaintiff from N.N.C.C. to W.S.C.C. on the morning of July 28, 2011.

Plaintiff also requests that Defendants should be ordered to take and pay for the depositions of the nine (9) proposed inmate witnesses.

**Defendants' Argument:**

In the Opposition, Defendants argues that Plaintiff "fail to comply with the LR 26-7 as he failed to make any type of effort to resolve the discovery dispute, evidenced by him authoring a letter the same day his Motion was filed."  (#163).  Defendants also state that Plaintiff's motion fails with respect to written discovery served on Defendants Wesley Mattice and Gregory Smith as they are no longer defendants in Plaintiff's lawsuit.  Defendants Wesley Mattice and Gregory Smith were dismissed from the lawsuit on October 11, 2012.

With regards to the cost of the depositions of the nine (9) inmate witnesses, Defendant argues that Plaintiff has not provided any authority in his Motion supporting his theory that Defendants should and must take depositions for him.

Defendants Wesley Mattice and Gregory Smith have already been dismissed from this action; therefore, discovery requests addressed to these two defendants are inappropriate.

The Motion to Compel Identification of Proposed Inmate Witnesses/ Motion to Compel Deposition of the same/Motion to Expedite Same (#155) is denied.

On August 22, 2103, Plaintiff filed a Request for Submission of Plaintiff's Motion to Compel Identification of Proposed Inmate Witnesses/Motion to Compel Deposition of Same/Motion to Expedite Same (Doc #155). (#178).  Plaintiff does not need to resubmit this motion (#155) as it is addressed in this Order.   Plaintiff's Request for Submission of Plaintiff's Motion to Compel Identification of Proposed Inmate Witnesses/Motion to Compel Deposition of Same/Motion to Expedite Same (Doc #155) (#178) is denied.

**II. Plaintiff's Motion for Enlargement of Deponents Limited Pursuant to Rule 30(a)(2)(A)(i), et al., (#156).**

In Plaintiff's Motion for Enlargement of Deponents, he seeks leave to depose nine (9) witnesses. *Id.*  Plaintiff also demands that Defendants take and to pay for these depositions.

**Defendants' Response to Plaintiff's Motion for Enlargement of Deponents Limit Pursuant to Rule 30(a)(2)(A)(i), et al. (#165).**

Defendant argues that Plaintiff's motion fails to clearly state "whether he simply wants to depose these witnesses or whether he feels he is entitled to have Defendants pay for the depositions of these witnesses."  *Id.*  Defendants have no issue on the number of witnesses Plaintiff intends to name as witnesses but does have issue if Plaintiff is seeking Defendants take and to pay for the depositions.  *Id.* Defendants argue that the burden is on Plaintiff to prove his case.  It is not the Defendants' job to prove

Plaintiff's case.  Defendants also state that "pursuant to the recent Report and Recommendations, three counts of Plaintiff's Complaint were recommended to be dismissed.  Therefore, some of these witnesses may not even be relevant and granting this Motion may be futile until the Court officially dismisses counts VII, XIV and XV of Plaintiff's Complaint."  *Id.*  Defendants address that no meaningful meet and confer was ever done prior to Plaintiff filing his Motion for Enlargement of Deponents Limit Pursuant to Rule 30 (#165).  *Id.*  Local Rule 26-7 (b) states, "Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without court action."  *Id.*

The Court finds that Plaintiff's Motion for Enlargement of Deponents Limited Pursuant to Rule 30(a)(2)(A)(i), et al., (#156) is granted in part and denied in part.  Defendants have stated that they do not oppose on the number of witnesses Plaintiff intends to name.  In Plaintiff's Motion (#156), he has not given sufficient reasons why Defendants must take and pay for the depositions of these named witnesses.

**Plaintiff's Request for Submission of Plaintiff's Motion for Enlargement of Deponent's Limit Pursuant to Rule 30(a)(2)(A)(i).  (#171).**

Plaintiff's Request for Submission of Plaintiff's Motion for Enlargement of Deponent's Limit Pursuant to Rule 30(a)(2)(A)(i) (#171) is denied as unnecessary.  Plaintiff's Motion for Enlargement of Deponents Limit Pursuant to Rule 30(a)(2)(A)(i) was filed prior to the Court's Order and Report and Recommendation (#159) and Plaintiff's Motion for Enlargement of Deponent's Limit is addressed in this order.

**III. Plaintiff's Motion Requesting Court/Court Clerk to Show Cause for Action of Severing Motion into Two Parts (#162).**

In this motion, Plaintiff asks the Court why his Motion to Compel Answers to Plaintiff's Interrogatories and Request for Production of Documents was separated into two docket entries (#'s 142

and 143).   Plaintiff's Motion to Compel Answers to Plaintiff's Interrogatories and Request for Production of Documents (#'s 142 and 143) was addressed in the Court's Order and Report and Recommendation Addressing All Pending Motions (#159).  Plaintiff's Motion Requesting Court/Court Clerk to Show Cause for Action of Severing Motion into Two Parts (#162) is denied.

**IV. Motion for Reconsideration of Order to Strike Paragraphs 2 and 3, of Page of Order #145 (set forth in Doc#159) (#166).**

Pursuant to the Court's Order and Report and Recommendation #159, prior to filing any motions in this case, Plaintiff must first seek leave of the Court.  The request may be no more than two pages in length, with no exhibits attached, and state the relief sought and why plaintiff is entitles to any relief. The Court's Order (#159) was entered on July 31, 2013.    Plaintiff's Motion for Reconsideration (#166) was filed several weeks after the Court's Order (#159) on August 19, 2013.  Plaintiff failed to seek leave to file his Motion for Reconsideration of Order to Strike Paragraphs 2 and 3, of Page of Order #145 (set forth in Doc#159) (#166).  Plaintiff's Motion (#166) is stricken.

Defendants filed a Motion for Extension of Time to Respond to Plaintiff's Motion (#166) for Reconsideration (#180).  Defendants filed their response on September 6, 2013.  The motion (#180) is granted.

**V. Request for Submission of Plaintiff's Second Request for Order to Compel Answers to Interrogatories and Request for Production of Documents (#172).**

Plaintiff seeks Court's decision on his Supplement to Motion to Compel Answers to Interrogatories and Request for Production of Documents (#154).  On July 31, 2013, the Court entered on Order and Report and Recommendation (#159) which addressed Plaintiff's Motion to Compel Answers to Interrogatories and Request for Production of Documents.  The Court has already entered a decision on Plaintiff's Motion to Compel Answers to Interrogatories and Request for Production of Documents, thus, Plaintiff's Request (#172) is denied.

**VI. Defendants' Motion to Strike Plaintiff's (#160) Second Supplement to Motion to Compel (#183).**

Defendants seek to strike Plaintiff's Second Supplement to Motion to Compel filed on August 1, 2013 based on which the Court had ruled on the Plaintiff's Motion to Compel (#143) in its Order and Report and Recommendation (#159).  Defendants state that in the same Order and Report and Recommendation, the Court ordered Plaintiff to seek leave of the Court prior to filing any further motions in this case.  Plaintiff's Second Supplement to Motion to Compel (#160) was filed after the Court's Order and Report and Recommendation.  *Id.*

Plaintiff filed a response to Defendant's Motion to Strike Plaintiff's Second Supplement to Motion to Compel. (#187).

Defendants' Motion to Strike Plaintiff's (#160) Second Supplement to Motion to Compel (#183) is denied.  Plaintiff's supplement was dated July 29, 2013 and filed on August 1, 2013, one day after the Court entered its Order and Report and Recommendation (#159).  Plaintiff would not have received the Court's Order (#159) on August 1, 2013.  Plaintiff would not have known on August 1, 2013 that he needs to seek leave prior to filing.

**Plaintiff's Supplement to Motion to Compel Answers to Interrogatories and Request for Production of Documents (#160)**

The Court has reviewed Plaintiff's Supplement to Motion to Compel Answers to Interrogatories and Request for Production of Documents (#160).  In Plaintiff's Second Supplement to Motion to Compel (#160), his intent was "to augment" his prior motion to compel (#143) since he stated that the Court administratively terminated #142 and #143.  The Court administratively terminated #142 because it is the same document as #143.  A decision was entered on Plaintiff's Motion to Compel Answers to Plaintiff's Interrogatories and Request for Production of Documents (#143) in the Court's Order and

Report and Recommendation. (#159).  Plaintiff's Supplement to Motion to Compel Answers to Interrogatories and Request for Production of Documents (#160) is denied.

**VII. Request for Order to Compel Answers to Written Discovery Requests (#176), and Defendants' Motion to Strike Plaintiff's Motion to Compel (#184).**

On August 29, 2013, Plaintiff filed a Request for Order to Compel Answers to Written Discovery Requests (Third Request). (#176).  Defendants filed their Motion to Strike Plaintiff's Motion to Compel.  (#184).  Defendants argue that Plaintiff's Motion to Compel (#176) was filed almost a full month after the Court ordered that Plaintiff must seek leave of the Court to file any motion in this case. *Id.*  Defendants seek to strike Plaintiff's Request (#176).  Plaintiff filed a Response to Motion to Strike. (#189).

The Court entered the Order and Report and Recommendation (#159) on July 31, 2013.  The order state that due to Plaintiff's repetitive and numerous filings with the court, Plaintiff must seek leave of the court to file any further motions in this case.  The request may be no more than two pages in length, with no exhibits attached, and state the relief sought and why plaintiff is entitled to any relief.  Plaintiff did not seek leave to file his thirty-two page Request for Order to Compel Answers to Written Discovery Requests (Third Request) (#176).  Plaintiff has failed to comply with the Court's Order. (#159).  Defendants' Motion to Strike Plaintiff's Motion to Compel (#184) is granted.  Plaintiff's Request for Order to Compel Answers to Written Discovery Requests (Third Request) (#176) is stricken.

**VIII. Plaintiff's Request for Clarification to Doc. 159, Page 9, Lines 2-5, of Magistrate's Order/Report/Recommendations (#188).**

The Court's Order and Report and Recommendation (#159) states,

> "Due to this plaintiff's repetitive and numerous filings with the court, the
>
> plaintiff must seek leave of the court to file any further motions in this

case.   The request may be no more than two pages in length, with no

exhibits attached, and state the relief sought and why plaintiff is entitles to

any relief."

As stated above in #159, prior to filing any motions in this case, plaintiff must first seek leave of

the court.  The request may be no more than two pages in length, with no exhibits attached, and state the

relief sought and why plaintiff is entitles to any relief.  Plaintiff does not need to seek leave when filing

responses to Defendants' motions.

Plaintiff's Request for Clarification to Doc. 159, Page 9, Lines 2-5, of Magistrate's

Order/Report/Recommendations (#188) is granted.

**IX. Plaintiff's Request for Leave to File Motion for Default Judgment of Defendant**

**Brandon Davis (#190).**

On January 10, 2013, Defendants determined that "Brandon Davis" is the individual identified as

"D. Davis" in this lawsuit.  (#76).  Defendants state that Brandon Davis is no longer an employee of the

Nevada Department of Corrections and his last known address was filed under seal on January 10, 2013.

(#77).  Defendant Brandon Davis was served on April 25, 2013.  (#126).  Plaintiff filed his Motion for

Entry of Clerks Default on August 28, 2013 and Clerk's Entry of Default as Brandon Davis was entered

on the same date.  (#'s 173 and 174).  On September 20, 2013, Plaintiff filed a Motion for Leave to File

Motion for Default Judgment of Defendant Brandon Davis.  (#190).

Plaintiff's Request for Leave to File Motion for Default Judgment of Defendant Brandon Davis

(#190) is granted.  Plaintiff may file a Motion for Default Judgment of Defendant Brandon Davis.

**X.   Plaintiff's Request for Leave to File Motion to Recuse Magistrate Judge Cam**

**Ferenbach (#191).**

Plaintiff's Request for Leave to File Motion to Recuse Magistrate Judge Cam Ferenbach (#191)

is denied.  Plaintiff's Motion to Recuse Magistrate Judge Cam Ferenbach is denied.  This case has been

referred to the undersigned by the United States District Court Judge pursuant to 28 U.S.C. § 636(b) and Local Rules IB 1-3 and 1-4.  The undersigned has no personal bias towards Mr. Almy.

**XI. Request for Leave to File Motion to Compel Answers to Interrogatories, Request for Admissions, Production of Documents (Fourth Request) (#192).**

Plaintiff may file his Motion to Compel Answers to Interrogatories, Request for Admissions, Production of Documents (Fourth Request).

**XII.  Request for Leave to File Motion to Strike Defendant Answers to Plaintiff's Interrogatories and Production of Document Proffered Prior to July 16, 2013 (#193).**

Plaintiff may file his Motion to Strike Defendants' Answers to Plaintiff's Interrogatories and Production of Document Proffered Prior to July 16, 2013.  Request for Leave to File Motion to Strike Defendant Answers to Plaintiff's Interrogatories and Production of Document Proffered Prior to July 16, 2013 (#193) is granted.

**XIII. Request for Leave to File Motion for Reconsideration of Motion for Leave to Amend Civil Rights Complaint (#195).**

Plaintiff's Request for Leave to File Motion for Reconsideration of Motion for Leave to Amend Civil Rights Complaint (#195) is denied.  Taking the factors of this case into account, the Court finds that there is a need to proceed on the pleadings that are currently at issue.

The goal of every civil action is to ensure that the proceedings are "administered to secure the just, speedy, and inexpensive determination of every action."  See Fed. R. Civ. P. 1.  The Court provides a forum for all citizens to seek justice.  It is not in the interest of the Court to hinder the ability of a party to pursue his claims.  Neither, however, is it just to allow one party to monopolize scarce judicial resources at the expense of others.  If all parties filed motions with the same frequency and length as Plaintiff Almy, the present action would effectively be delayed indefinitely.  Compromises that limit a party's unfettered ability to file Motions are therefore necessary to maintain a functioning judiciary and

are encouraged by the Federal Rules.  See Fed. R. Civ. P. 1 (Advisory Committee Notes, 1993 Amendment).

**XIV. Request for Leave to File Motion for Reconsideration of Motion to Extend Prison Copywork Limit (#196).**

Plaintiff's Request for Leave to File Motion for Reconsideration of Motion to Extend Prison Copywork Limit (#196) is granted.  Plaintiff may file his Motion for Reconsideration of Motion to Extend Prison Copywork Limit.

**XV. Emergency Request for Leave to File Motion to Stay/Motion to Appoint Counsel/Motion to Change Venue (#197).**

Plaintiff's Emergency Request for Leave to File Motion to Stay/Motion to Appoint Counsel/Motion to Change Venue (#197) is denied.

**a. Motion to Stay**

Plaintiff seeks a stay of discovery pending the outcome of his motions.  This order resolves all pending motions filed by Plaintiff.  A stay of discovery is denied.

**b. Motion to Appoint Counsel**

Plaintiff has filed five prior motions for the appointment of counsel. (#'s 2, 4, 5, 38, and 62). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved.

In the instant case, the court does not find exceptional circumstances that warrant the appointment of counsel. Plaintiff's Motion to Appoint Counsel is denied.

**c. Motion for Change of Venue**

Dissatisfaction with the United States District Court Judge's rulings does not provide sufficient grounds to change venue. The Motion for Change of Venue is denied.

**XVI. Plaintiff's Request for Leave to File Motion for Reconsideration of Order (#194) Granting Defendant's Partial Motion to Dismiss (#27) (#201).**

Plaintiff's Motion for Reconsideration of Order (#194) Granting Defendant's Partial Motion to Dismiss (#27) is denied. The Court has properly deposed of the issues raised in Defendant's Partial Motion to Dismiss (#27).

**XVII. Defendants' Motion for Protective Order (#199).**

In Defendants' Motion for Protective Order (#199), they seek "a protective order that either no further discovery may be propounded by Plaintiff, or that Plaintiff be required to request leave of Court to conduct further discovery, and demonstrate in no more than two pages what discovery he desires and how it is reasonably calculated to lead to the discovery of admissible evidence to prove one or more of his claims. Defendants offer to respond either by producing the discovery, or specifying objections, without requiring a specific form of discovery request addressed to a specific defendant."

On October 17, 2013, Plaintiff filed his response to Defendants' Motion for Protective Order. (#200). Defendants filed their Reply in Support of Motion for Protective Order on October 24, 2013. (#202).

The Court finds that, as noted in prior rulings, Defendants have appropriately responded to discovery served by Plaintiff. Defendants' Motion for Protective Order (#199) is granted. The discovery cut-off date of December 26, 2013 will not be extended.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that:

1.      Motion to Compel (#155) is DENIED.

2.      Motion for Enlargement of Deponents Limit (#156) is GRANTED in part and DENIED in part as stated above.

3.      Motion for Order to Show Cause (#162) is DENIED.

4.      Motion for Magistrate Judge to Reconsider Magistrate Judge Order (#166) is STRIKEN.

5.      Motion re [156] Motion for Enlargement of Deponents Limit (#171) is DENIED as unnecessary.

6.      Motion for Submission of re [160] Supplement (#172) is DENIED.

7.      Motion for Order to Compel Answers to Written Discovery Requests (#176) is STRICKEN.

8.       Motion for Submission of re [155] Motion to Compel (#178) is DENIED.

9.      Motion to Extend Time regarding discovery/nondispositive matter (#180) is GRANTED.

10.      Motion to Strike Supplement to Motion to Compel (#183) is DENIED.

11.      Motion to Strike Motion for Order to Compel Answers to Written Discovery Requests (#184) is GRANTED.

12.      Motion to Clarify Report and Recommendation (#188) is GRANTED.

13.      Request for Leave to File Motion for Default Judgment of Defendant Brandon Davis (#190) is GRANTED.

14.      Request for Leave to File Motion to Recuse Magistrate Judge Cam Ferenbach (#191) is DENIED, Motion to Recuse Magistrate Judge Cam Ferenbach is DENIED.

15.     Request for Leave to File Motion to Compel Answers to Interrogatories, Request for Admissions, Production of Documents (Fourth Request) (#192) is GRANTED.

16.     Request for Leave to File Motion to Strike Defendant Answers to Plaintiff's Interrogatories and Production of Document Proffered Prior to July 16, 2013 (#193) is GRANTED.

17.     Request for Leave to File Motion for Reconsideration of Motion for Leave to Amend Civil Rights Complaint (#195) is DENIED.

18.     Request for Leave to File Motion for Reconsideration of Motion to Extend Prison Copywork Limit (#196) is GRANTED.

19.     Emergency Request for Leave to File Motion to Stay/Motion to Appoint Counsel/Motion to Change Venue (#197) is DENIED.  Motion to Stay is DENIED.  Motion to Appoint Counsel is DENIED.

20. Plaintiff's Request for Leave to File Motion for Reconsideration of Order (#194) Granting Defendant's Partial Motion to Dismiss (#27) (#201) is DENIED.

21. Defendants' Motion for Protective Order (#199) is GRANTED.

IT IS SO ORDERED.

DATED this 1st day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

14