# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

KEVIN ALMY,

      Plaintiff,

vs.

D. DAVIS, *et al*.,

      Defendants.

2:12-cv-00129-JCM-VCF

**<u>ORDER</u>**

This matter involves Plaintiff Kevin Almy's Civil Rights Action against Defendants D. Davis, *et al*., under 42 U.S.C. § 1983. Before the court is Plaintiff's request for leave to file application for certificate of appealability (COA). (#227). In response, Defendants filed a motion to strike. (#230). For the reasons set forth below, Plaintiff's Request is denied, and Defendant's motion is granted.

## BACKGROUND

This action dates back over two years beginning on January 14, 2012, with Plaintiff's Motion and Application for leave to proceed *in forma pauperis*. (#1). Since the onset of this action Plaintiff has flooded the court's docket with filings. This abuses the judicial process. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Because of the Plaintiff's excessive filings, this court ordered Plaintiff to seek leave of the court prior to filing any further motions in this action. (#194).

Plaintiff subsequently appealed to the Ninth Circuit on November 1, 2013. (#204). On December 17, 2013, the Ninth Circuit Court dismissed Plaintiff's appeal stating that "the record demonstrates that

this court lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable." (#223).

On January 10, 2014, Plaintiff filed a motion requesting leave to file an application for certificate of appealability or in the alternative application for certificate of appealability (hereinafter COA). (#194).On January 15, 2014, Defendants filed a motion to strike in opposition to the Plaintiff's COA. The court addresses both matters below.

## DISCUSSION

The motions before the court present two questions: (1) whether the Plaintiff demonstrated sufficient basis for granting a COA of the court's eleven orders issued on September 27, 2013; and, (2) whether the court has the discretion to strike the Plaintiff's Motion for COA. Each is discussed below.

## I.   Plaintiff has failed to demonstrate sufficient basis for granting a Certificate of Appealability

United States Courts of Appeals are courts of limited jurisdiction. 28 U.S.C. § 1291. Section 1291 grants the courts of appeals jurisdiction to hear appeals from "final decisions" of the federal district courts. 28 U.S.C. § 1292 on the other hand, outlines the circumstances under which the courts of appeals will have jurisdiction to hear appeals to interlocutory decisions of the federal district courts. A party seeking appeal of an interlocutory order must first obtain certification of appealability from the district court. 28 U.S.C. § 1292(b); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Once a party has obtained certification from the district court, the court of appeals may then, at its discretion, take up the request for review. *Id.*

The court finds that the Plaintiff's Motion for COA is legally and factually meritless because the Plaintiff requests review of eleven orders that are not final decisions, and the Plaintiff has failed to meet the requirements of an interlocutory appeal. For the sake of clarity, the court separates the Plaintiff's

requests into two categories: (1) requests for COA pursuant to 28 U.S.C. § 1291; and (2) Plaintiff's request for COA pursuant to 28 U.S.C. § 1292(b).

### A.  Plaintiff's request for certification of appeal pursuant to 28 U.S.C. § 1291 is denied

Plaintiff requests that the Court certify its September 27, 2013, order for immediate appeal under 28 U.S.C. § 1291. (#227). However, the Plaintiff incorrectly conflates 28 U.S.C. § 1291, with Rule 54(b) of the Federal Rules of Civil Procedure. Each is discussed in detail below.

Under 28 U.S.C. § 1291 the court of appeals has jurisdiction over final decisions of the district court. *Couch v. Telescope Inc.*, 611 F3.d 629, 632 (9th Cir. 2010). "A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment...." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). An appeal of a final decision under 28 U.S.C. § 1291 requires no certification because the appellate court automatically has jurisdiction to hear appeals from final decisions. 28 U.S.C. § 1291.

Alternatively, Rule 54(b) states that "[w]hen more than one claim for relief is presented in an action, ... the court may direct entry of final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." A judgment "under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The district court is therefore given the sole discretion to enter "'an ultimate disposition of an individual claim entered in the course of a multiple claims action' " *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). However, "[a] similarity of legal or factual issues will weigh heavily against entry of judgment under Rule 54(b). *Morrison-Knudsen*, 655 F.2d at 965.

The court finds that the Plaintiff's request for COA concerning the dismissal of counts VII, XIV, and XV fails as a matter of law for two reasons. First, because the Ninth Circuit has already ruled that the orders dismissing said counts are "not final decisions or otherwise appealable." (#223).

Second, Counts VII, XIV, and XV are not dissimilar enough from the remaining counts in this litigation to justify a separate judgment order under Rule 54(b), and the costs and risks of multiplying the number of proceedings in this action are not outweighed by the need of the litigant to receive a separate judgment. This is because each of these counts involves the same Plaintiff, and the same or similarly situated Defendants. Each of these counts relates to the same or similar cause of action arising under section 1983. Finally, each of these counts was dismissed for the same or similar reasons. The court therefore finds no legal or factual basis for issuing a separate judgment ruling under Rule 54(b), and the Plaintiff must wait until a final judgment is issued in this action before filing for appeal.

### B.  Plaintiff's request for certification of interlocutory appeal under § 1292 is denied

It was "Congress' design to reserve interlocutory review for "'exceptional'" cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, n. 10, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). A party seeking appeal of an interlocutory order must first obtain certification of appealability from the district court. *Santa Monica Baykeeper*, 254 F.3d at 885. Once a party has obtained certification from the district court, the court of appeals may then, at its discretion, take up the request for review. *Id.*

28 U.S.C. § 1292(b) sets out three criteria that must be met before a district court can certify an interlocutory decision for appeal: "(1) that there is a controlling question of law; (2) that there is substantial ground for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020,

1026 (9th Cir.1982), *aff'd,* 459 U.S. 1190, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983); 28 U.S.C. § 1292(b). Each is discussed below.

           i.       *Controlling question of law*

For an issue to be "controlling," its resolution must have the potential to materially alter the outcome of the litigation. *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d at 1026. Interlocutory appeals are expressly reserved for "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Hightower v. Schwarzenegger*, 1:04-cv-06028-OWW-SMS, 2009 WL 3756342, at *2 (E.D. Cal. Nov. 6, 2009) (quoting *McFarlin v. Conesco Services, LLC,* 381 F.3d 1251, 1259 (11th Cir.2004)).

The court finds that the Plaintiff has failed to demonstrate that there is a controlling question of law sufficient to grant an interlocutory appeal. The Plaintiff delineates eleven interlocutory orders for which he asks the court to certify for interlocutory appeal. The court has expressly outlined the legal and factual basis for its decisions in the Order Report and Recommendation dated July 31, 2013, and the Order dated September 27, 2013. *See* (#159, 194). The Plaintiff's motion outlines the factual basis that he believes the court's eleven orders should be reviewed on appeal; however, the questions arising in all eleven orders would require the reviewing court to delve into the facts and evidence of the case and are therefore improper for a section 1292 appeal. Thus, the court finds no controlling issue of law the Ninth Circuit Court of Appeals could rule on that could materially alter the outcome of this litigation.

           ii.      *Difference of opinion*

An appellate court must find a substantial difference in opinion regarding the application of law in the case in order to grant an interlocutory review. *Id.* District courts have a duty "to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for

appeal is truly one on which there is a substantial ground for dispute." *Hightower v. Schwarzenegger*, 1:04-cv-06028-OWW-SMS, 2009 WL 3756342, at *3 (E.D. Cal. Nov. 6, 2009) (quoting *Max Daetwyler Corp. v. Meyer,* 575 F.Supp. 280, 283 (E.D.Pa.1983)).

The court finds that the Plaintiff's motion is insufficient to establish that there is substantial ground for a difference of opinion regarding a controlling question of law. The Plaintiff is requesting a review of the eleven interlocutory orders initially recommended by the court in its order report and recommendation. (#159). The Honorable James C. Mahan, U.S. District Court Judge, reviewed the court's order report and recommendation, and the Plaintiff's objections to the order report and recommendation. Judge Mahan adopted it in full, affirmed the court's analysis, and found no difference in opinion regarding the applicable law. (#194). Furthermore, the Ninth Circuit has already denied the Plaintiff's request for appeal on this matter. The Plaintiff has, therefore, presented no legal or factual basis to support his contention that there is a substantial difference of opinion regarding the applicable law applied in the courts eleven orders.

   *iii.*  *Immediate appeal would not materially advance the termination of this litigation*

For the court to grant certification of an interlocutory appeal the moving party must show that the granting of the appeal would "materially advance the litigation." *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d at 1026. If the litigation would be conducted in essentially the same way irrespective of the appellate court's decision, the appeal cannot be determined to materially advance the litigation. *Hightower v. Schwarzenegger*, 1:04-cv-06028-OWW-SMS, 2009 WL 3756342, at *4 (E.D. Cal. Nov. 6, 2009) (quoting *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)).

The court finds that the Plaintiff has failed to demonstrate that granting the COA would materially advance this litigation. The Plaintiff's excessive filings in this action have already slowed the litigation process, and the docket for this action currently has 237 document filings. Because of the

Plaintiff's excessive filings, the court ordered the Plaintiff to request leave of the court before filing additional motions. (#194). The Plaintiff's motion before the court is in direct violation of the court's order, and illustrates the Plaintiff's willful disregard for the courts authority to efficiently manage its docket. Even if the court certified the eleven orders for appeal, there is no guarantee that the Ninth Circuit would grant the appeal, and even if the appeal were granted, the Plaintiff would still have to convince the appellate court that exceptional circumstances exist sufficient to overturn the district court's ruling. The court thus finds that the granting section 1292(b) appeal would likely increase chances of delay in this matter, rather than materially advance the litigation.

## II.   The Court has discretion to Stike the Plaintiff's Motion

Also before the court is Defendant's motion to strike (#230) Plaintiff's COA. It is the inherent power of the court to manage and control its docket. *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Included in the court's inherent power to control its docket, is the power to "strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Because the court denies the Plaintiff's request for COA, Defendant's motion to strike is moot. Nonetheless, the court addresses the merits of Defendant's motion to strike as an alternative basis for denying Plaintiff's request for COA. The court grants the Defendants motion to strike for three reasons: (1) the Plaintiff's motion is legally and factually meritless, and thus has no bearing on the subject matter of this action; (2) the Plaintiff's excessive and repetitive filings have made the litigation process in this action slow and complicated; and (3) the Plaintiff has improperly filed his motion in violation of the court's July 31, 2013 order.

First, the court grants the Defendants' motion to strike because striking Plaintiff's motion has no bearing on the subject matter of this litigation. Plaintiff's motion fails to meet the requirements for

certification of appeal under 28 U.S.C. § 1291, and 28 U.S.C. § 1292(b) as illustrated above, and is thus, legally and factually meritless. While courts typically disfavor motions to strike, a court may grant a motion to strike if "the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel. Contreras v. Cnty. of Glenn*, 725 F. Supp. 2d 1157 (E.D. Cal. 2010). It is the court's opinion that even if the court granted the Plaintiff's Motion for COA, the Ninth Circuit would not exercise its discretion to hear the appeal because the eleven issues raised in the motion "are not final or appealable," and do not meet the requirements for interlocutory appeal. (*See* #194); *see also* 28 U.S.C. §§ 1291, 1292(b). The granting of the Plaintiff's motion would therefore be an exercise in futility, and striking the motion would have no bearing on the subject matter of this litigation.

Second, the court grants the Defendants' motion to strike in order to further the overall resolution of this action. A court may grant a motion to strike if doing so "may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action." *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001). As discussed above, Plaintiff's excessive and repetitive filings have already slowed and complicated proceedings in this action. The docket in this action currently has 241 document filings, and the Plaintiff's present motion only serves to further complicate proceedings in this action. The court finds that granting the Defendants' motion to strike will make this action less complicated, and streamline the ultimate resolution of this action.

Third, the court strikes the Plaintiff's motion as a "fugitive document" in violation of the court's July 31, 2013, order. The Local Rules of Civil Practice 7-2 delineates the proper procedure to follow when filing a motion, a response, or a reply. "A document not allowed by Local Rule 7–2, or otherwise permitted by order of this Court, is a fugitive document and must be stricken from the record." *Reiger v. Nevens*, 3:12-CV-00218-MMD-VPC, 2014 WL 537613, at *2 (D. Nev. Feb. 7, 2014). The Plaintiff contends that his motion is a response, and not a motion, and thus not covered by the court's July 31,

2013, order. This argument is unpersuasive. The court finds that the Plaintiff's request for COA is in fact a motion, and therefore a violation of the court's order that must be stricken from the record.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's motion and request for leave to file certificate of appealability (#227) is DENIED.

ALTERNATIVELY, IT IS FURTHER ORDERED that Defendants' motion to strike (#230) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion (#227) is STRICKEN.

IT IS SO ORDERED.

DATED this 25th day of February, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

9