**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| KEVIN ALMY, | 2:12-cv-00129-JCM-VCF |
| Plaintiff, | |
| vs. | **ORDER AND REPORT AND RECOMMENDATION** |
| D. DAVIS, *et al.,* | |
| Defendant(s). | |

Before the court are Plaintiff's Resubmission of Discovery Requests (#238 & 242); Requests for Leave to File Motion to Vacate (#239 & 240); Request for Leave to File Motion for New Discovery Schedule (#243); Request for Leave to File Motion to Compel Answers to Interrogatories and Production of Documents (#244); and Defendants' Submission of Proposed Joint Pretrial Order (#249).

**A. Plaintiff's Resubmission of Discovery Requests (#238 & 242)**

The Resubmission of Discovery Requests (#238 &242), in essence seeks an order compelling defendants to produce: (1) All audio and/or video recordings taken on January 4, 2011, beginning at 11:00 AM and ending at 1:00 PM, at a specified area of the Warm Springs Correctional Center; and (2) All audio and/or video recordings taken on January 28, 2011, beginning at 8:00 AM and ending at 9:20 AM, at a specified area of the Warm Springs Correctional Center.  The locations and dates of these requests correspond to allegations in Count 8, an excessive force claims against Defendant Halling (#249, pp 5, 6 and 18) and Count 11, an excessive force claim against Defendants Meza, Vidaurri and Fancher (#249, pp 6 and 19).

In response, Defendants state, "No audio or video recordings exist of the 'incident(s) which led up to, comprise of, and followed the alleged use of excessive and injurious force upon Almy by WSCC C/Os Meza, Vidaurri and Fancher, [including] Vidaurri and Fancher escorting the plaintiff in restraints to Unit 28 thereafter.'" (#246 at 2).  This is a sufficient response to Plaintiff's second request, but does not address Plaintiff's first request for recordings documenting the incident alleged to have occurred on January 4, 2011, involving defendant Halling.  Also in a response filed on February 27, 2014, defendants stated, with respect to the Count VIII claim of excessive force against defendants Halling and Vidaurri on January 4, 2011, "counsel is in the process of inquiry whether [recordings] exist and, upon receiving the information, on or before March 15, 2014, will either produce them or specify objections, and file a notice with the Court in reference ot Plaintiff's motion (#238) and this response."

Accordingly, treating Plaintiff's Resubmission of Discovery Requests (#238 & 242) as motions to compel, that motion to compel (#242) is DENIED as to the request regarding the incident alleged to have occurred on January 28, 2011.  The motion to compel (#238), as to the January 4, 2011, incident is GRANTED as follows:

1. On or before March 15, 2014, defendants must supplement their response regarding the January 4, 2011, incident, by producing any and all responsive recordings, with an appropriate report to the court; and,

2. If such recordings do not exist, then on or before March 15, 2014, defendants must file, as a supplemental response to the motion to compel (#238), a certification signed by defense counsel affirming the non-existence of these recordings.

**B. Request for Leave to File Motion for New Discovery Schedule (#243)**

In his Request for Leave to File Motion for New Discovery Schedule (#243), Plaintiff asserts that defendants' discovery responses have been evasive, incomplete or non-compliant.  This court has already ruled against plaintiff in this regard.  On November 1, 2013, the court found, "as noted in prior

2

rulings, Defendants have appropriately responded to the discovery served by Plaintiff." (#203, p. 12). The December 26, 2013, discovery cut-off date is certainly a reasonable one.

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. However, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir.2001) (internal quotation marks, citation, and emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id.* at 887.

Although other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment under Rule 59(e). See, e.g., *Henry v. Rizzolo*, No. 8–00635, 2010 WL 3636278, at *1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 8–0353, 2010 WL 1727841, at *1–2 (D.Nev.2010)); see also *Antonetti v. Skolnik*, No. 10-153, 2013 WL 593407, at *1 (D. Nev. Feb. 13, 2013) (discussing the standard for a motion to reconsider in the District of Nevada).

Accordingly, in the District of Nevada, "[a] motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Henry*, 2010 WL 3636278, at *1 (citing *Frasure v. U.S.*, 256 F.Supp.2d 1180, 1183 (D.Nev.2003)). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. (citing *U.S. Aviation Underwriters v. Wesair, LLC*, No. 8–00891, 2010 WL 1462707 (D. Nev. April 12, 2010)) (internal citation and quotation marks omitted).

As noted below, the parties have recently submitted their Joint Pretrial Order. By March 15, 2014, any recordings relevant to Count XI will have been produced, or there will be a certification that none exist. Plaintiff has not provided a valid reason why the court should reverse its prior order. Plaintiff fails to point to facts or law of a strongly convincing nature to support such reversal. The court has not been presented with newly discovered evidence or arguments supporting a finding of clear error. The initial decision was not manifestly unjust and there has been no intervening change in controlling law. This case is ready for trial. Plaintiff's Request for Leave to File Motion for New Discovery Schedule (#243) is DENIED.

**C. Request for Leave to File Motion to Compel Answers to Interrogatories and Production of Documents (#244)**

Plaintiff's Request for Leave to File Motion to Compel Answers to Interrogatories and Production of Documents (Fifth Request) (#244) consist of arguments concerning discovery disputes which the court has already decided. (#142, 143 and 159). Nothing in the record justifies reconsideration of these determinations.

Accordingly, Plaintiff's Request for Leave to File Motion to Compel Answers to Interrogatories and Production of Documents (Fifth Request) (#244) is DENIED.

**ORDER**

IT IS HEREBY ORDERED that the motion to compel (#242) is DENIED as to the request regarding the incident alleged to have occurred on January 28, 2011.

IT IS FURTHER ORDERED that the motion to compel (#238), as to the January 4, 2011, incident is GRANTED as follows:

1.  On or before March 14, 2014, defendants must supplement their response regarding the January 4, 2011, incident, by producing any and all responsive recordings; and,

2.  If such recordings do not exist, then on or before March 14, 2014, defendants must file, as a supplemental response to the motion to compel (#238), a certification signed by defense counsel affirming the non-existence of these recordings.

IT IS FURTHER ORDERED that Plaintiff's Request for Leave to File Motion for New Discovery Schedule (#243) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Request for Leave to File Motion to Compel Answers to Interrogatories and Production of Documents (Fifth Request) (#244) is DENIED.

## **RECOMMENDATION**

**D. Request for Leave to File Motion to Vacate (#'s 239 & 240)**

The Motions For Leave to File Motion to Vacate Judgment (#1 & #2) (Doc #239 & 240) seek permission to file motions to vacate those portions of Judge Mahan's Order (#194) which adopt the Report and Recommendation (159) determining that Counts IV and XV of plaintiff's Amended Complaint (#6) should be dismissed for failure to exhaust administrative remedies. Plaintiff's arguments in support of these motions are, for the most part, the same raised in response to defendants' motion to dismiss. Plaintiff does not claim mistake, newly discovered evidence, fraud such that the order is void, should be reversed or vacated. Plaintiff simply reiterates is prior arguments or asserts arguments he could have made in opposition to the defendants motion on which the court has already ruled.

Based on the foregoing as described above,

IT IS THE RECOMMENDATION of the undersigned United States Magistrate Judge that the Motions for Leave to File Motion to Vacate Judgment (#239 & 240) be DENIED.

**E. Joint Pretrial Order**

On February 26, 2014, defendants filed Defendants' Submission of Proposed Joint Pretrial Order. According to that filing on February 20, 2014, defendants e-mailed to plaintiff a draft Joint

Pretrial Order. On February 25, 2014, defendants counsel received plaintiffs "Plaintiff Kevlin Almy's Input / Proposed Joint Pretrial Stipulation." (#249 pp 17 – 23). Defendants counsel reports that he incorporated, to the best of his ability, all of plaintiff's additions to the Joint Pretrial Order, but did not have the ability to obtain plaintiff's signature on this revised document before the filing deadline of February 26, 2014. As noted, plaintiff's input is included as the last six pages of the Proposed Joint Pretrial Order.

IT IS HEREBY RECOMMENDED, as follows:

1.	If plaintiff signs and returns the currently Proposed Joint Pretrial Order to defense counsel and it is filed on or before March 21, 2014, the court complete, sign and enter the agreed Joint Pretrial Order; or

2.	Alternatively, if there is no response from plaintiff by March 21, 2014, the court copy the pages 4 – 15 of Docket No 249, complete, sign and file those pages as the agreed Joint Pretrial Order.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of March, 2014.

							_____
							CAM FERENBACH
							UNITED STATES MAGISTRATE JUDGE