**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

KEVIN ALMY,

        Plaintiff,

vs.

D. DAVIS, *et al.,*

        Defendant(s).

2:12-cv-00129-JCM-VCF

**ORDER COMPELLING DEFENDANTS TO DISCLOSE WITNESS INFORMATION**

        Before the court is plaintiff's Resubmission of #210 Motion for Discovery Request (#253). Defendants have responded (#273) and plaintiff replied (#276).

        Plaintiff seeks, "corroboratable identification of the nine (9) inmates who were present at and witnessed the July 28, 2011 assault of plaintiff by WSCC officers in Caseworker Thomas's office." (#253, p. 1).

        These nine inmates accompanied plaintiff during his transfer to the Warm Springs Correction Center on July 28, 2011. *Id.* Plaintiff provides reason to believe that one or more of these inmates may have witnessed the altercation which is the subject matter of one of plaintiffs unreasonable force claims.

        The information plaintiff seeks is nonprivileged matter that is relevant to plaintiff's excessive force claim against defendants Meza, Fidaurri and Fancher. Fed. R. Civ. P. 26(b)(1). Defendants raise evidentiary objections, claiming that the witnesses whose identity and contact information is sought would only be able to provide inadmissible hearsay. To be discoverable, however, relevant information

need not be admissible at trial, if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The admissibility of the testimony of these nine inmates is for the trial judge to decide. For discovery purposes, plaintiff has made a sufficient showing that one or more of the nine inmates may have knowledge relevant to his excessive force claim.

Plaintiff also seeks leave to depose these witnesses by written questions pursuant to Fed. R. Civ. P. 31. The discovery date has expired in this case, and the Joint Pretrial Order (#260) has been entered. Trial is set for June 16, 2014. Formal discovery of these witnesses will not be permitted. Plaintiff may, however, consistent with prison regulations, write to these witnesses to inquire if they have relevant information. Should the plaintiff move to add any of these witnesses to the Joint Pretrial order, the trial judge will determine whether or not their testimony will be permitted.

Plaintiff's Resubmission of #210 Motion for Discovery Request (#253) is GRANTED IN PART and DENIED IN PART.

IT IS HEREBY ORDERED that on or before April 22, 2014, defendants must provide to plaintiff the names and last known contact information for the nine inmates who arrived at the Warms Springs Correction Center with plaintiff on July 28, 2011.

IT IS FURTHER ORDERED that plaintiff's request to depose inmates identified pursuant to Fed. R. Civ. P. 31 is DENIED.

DATED this 10th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE