# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

KEVIN ALMY,

          Plaintiff,

vs.

D. DAVIS, *et al.,*

          Defendant(s).

2:12-cv-00129-JCM-VCF

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST (#252)**

      Plaintiff's Request for Leave to File Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (#252) seeks an order from this court preventing the Nevada Department of Corrections form transferring plaintiff to the Southern Desert Correctional Center and related relief.

      Defendants Fancher, Feil, Halling, Henley, Halloway, Keener, Kennedy, LeGrand, Lindberg, Mattice, Meza, Nelsen, Smith, Tackett, Thomas, Vidaurri, M. Ward and T. Ward filed a timely response (#256). Nevada Department of Corrections was named as a defendant in the first complaint attached to plaintiff's Application for Leave to Proceed in forma pauperis (#1). Before the court screened this complaint pursuant to 28 U.S.C. § 1915A, on April 4, 2014, plaintiff filed an Amended Complaint (#6) and a Motion to Amend Complaint (#7). That Amended complaint did not name the Nevada Department of Corrections. The Amended Complaint was screened and this case proceeded pursuant to the Screening Order (#9) entered on June 18, 2012. The Nevada Department of Corrections is not now

1 and never was a party to this case. The Nevada Department of Corrections has never appeared in this
2 case.

3 Since the relief plaintiff seeks in his request (#252), if granted, would be directed against an
4 entity which is not a party in this case, then Plaintiff's request (#252) should be denied on that basis
5 alone.

6 Even if the Nevada Department of Corrections were a party to this case, the relief requested
7 should be denied. A preliminary injunction is an "extraordinary and drastic remedy" that is never
8 awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose
9 is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a
10 determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir.
11 2009_; 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and
12 Procedure § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from
13 irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the
14 merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the
15 merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of
16 equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources*
17 *Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of*
18 *L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009; *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131
19 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must
20 consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555
21 U.S. at 24 (citation omitted).

22 An even more stringent standard is applied where mandatory, as opposed to prohibitory,
23 preliminary relief is sought. The Ninth Circuit has noted that although the same general principles
24 inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond
25

maintaining the status quo pendent lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. See *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.
> The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

The remaining claims consist of three claims of excessive force occurring on different dates and one First Amendment claim based upon confiscation of incoming mail addressed to him. Plaintiff's request for leave, however, seeks leave to file a motion for preliminary injunctive relief from a transfer that has already occurred, further transfers and bed-moves, deprivation of a box of legal documents, denial of use of the law library, law library services, legal supplies "and mail services." (Req. (#252) at 1:14-19). The Supreme Court has determined that preliminary injunctive relief is only appropriate to grant relief of the "same character as that which may be granted finally" in the litigation. *De Beers*

*Conso. Mines v. U.S.*, 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); see *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same). None of the relief requested is of the "same character as that which may be granted finally" in Plaintiff's case with, perhaps, the sole exception of "mail services." Plaintiff fails to demonstrate that he has a colorable claim to preliminary injunctive relief and, therefore, that such a motion will do nothing but add more filings to the docket perpetuating Plaintiff's preemptive use of the judicial time that properly could be used to consider meritorious claims of other litigants. See *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

Plaintiff's mere mention of deprivation of "mail services" as something he would move the Court to enjoin in a motion for preliminary injunction would not make a motion for preliminary injunctive relief meritorious. Although Count III of Plaintiff's complaint alleges a First Amendment violation relating to delivery of mail, it alleges confiscation of incoming mail from the IRS addressed to Plaintiff. Plaintiff's grievance, however, relates to delay in "outgoing legal mail services." (Req. (#252) at 2:22). Plaintiff's assertion that "circumstances suggest that SDCC interference with incoming legal mail . . . is or has occurred at least once since return" (*Id.* at 2:23-24) consists of conjecture and speculation, not fact. Accordingly, a motion for preliminary injunction relating to delay of outgoing mail would lack merit because the requested relief is based on facts and circumstances entirely different from his First Amendment claim based on confiscation of incoming mail. See *Colvin v. Caruso*, 605

F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff's Request for Leave to File Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (#252) is DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE