# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEVIN ALMY,                          )   2:12-cv-00129-HDM-VCF
                                     )
            Plaintiff,               )
                                     )   ORDER
vs.                                  )
                                     )
D. DAVIS, et al.,                    )
                                     )
            Defendants.              )
_____)

　　　Trial in this matter is set to begin on Monday, December 8, 2014.  At the October 28, 2014, pretrial conference, defendants indicated that they intended to call four witnesses who were not previously disclosed to the plaintiff nor identified in the original joint pretrial order: Dr. Gedney, Dr. Mar, Greg Smith and Wesley Mattice.  Plaintiff has objected to these designations as untimely, particularly with respect to the doctors, who he argues are expert witnesses and who were not timely disclosed.  (Doc. #388, Doc. #389).  Defendants assert that the doctors will not provide expert testimony but instead will testify as to the contents of plaintiff's medical records and the treatment he sought and received after each of the three alleged excessive force incidents at issue in this case (#404).

　　　Under Federal Rule of Civil Procedure 26, a party must disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that

1

information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The disclosure must be supplemented or corrected in a "timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). If a party does not timely identify a witness under Rule 26(a) or (e), it may not use that witness to supply evidence at a trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

Pursuant to the court's order of June 28, 2013, discovery in this matter closed on December 26, 2013. The deadline for disclosing expert witnesses was October 28, 2013. Plaintiff argues that the witnesses identified by defendants at the pretrial conference were not disclosed to him during discovery. At least as to the doctors, defendants have not argued or demonstrated otherwise. Defendants argue only that the testimony of these doctors will not prejudice plaintiff because they will merely interpret plaintiff's medical records, and, in fact, their testimony is necessary to explain plaintiff's medical records to the jury because none of the witnesses previously identified can do so. However, plaintiff has no idea what these witnesses might say and has not had the opportunity to test their possible testimony through discovery. The court cannot conclude that the late disclosure of the doctors' testimony, even restricted to the interpretation of plaintiff's medical records, is harmless,

particularly as plaintiff's medical records themselves may be admitted as evidence and can speak for themselves.  Whether the nature of the doctors' testimony is expert or lay is not necessary for the court to decide; either way, the disclosure of the doctors as witnesses was untimely, and defendants have not shown that the tardy disclosure was substantially justified or harmless.  *See Ollier*, 768 F.3d at 861-64.  Accordingly, plaintiff's objections to the testimony of Dr. Gedney and Dr. Mar are **GRANTED** in part.  These witnesses will not be permitted to testify at trial in the defendants' case-in-chief.  The court reserves on whether the defendants should be permitted to call the witnesses Dr. Gedney and Dr. Mar to impeach evidence presented by the plaintiff.

Defendants have not yet responded to plaintiff's less obvious objection to the testimony of Greg Smith and Wesley Mattice.  (*See* Doc. #389 at 3).  At this juncture, the disclosure of these witnesses also appears to be untimely.  Therefore, absent a showing by defendants on or before Wednesday, December 3, 2014, that the disclosure of Smith and Mattice was either timely or, if untimely, it was substantially justified or harmless, the court will also sustain plaintiff's objection to the testimony of those individuals.

**IT IS SO ORDERED.**

DATED: This 24th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE