# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN ALMY, | ) | 2:12-cv-00129-HDM-VCF |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| D. DAVIS, et al., | ) | |
| Defendants. | ) | |

Before the court is the plaintiff's motion for trial transcripts for appeal (#462). Defendants have opposed plaintiff's motion (#468). Plaintiff has not filed any reply, and the time for doing so has expired.

This matter went to trial on four of plaintiff's claims: three counts of excessive force and one count of interference with plaintiff's right to send and receive mail. The jury found in favor of plaintiff and against defendant James Keener on plaintiff's First Amendment mail claim, and against plaintiff and in favor of all remaining defendants on the excessive force claims.

Pursuant to 28 U.S.C. §§ 753(f) and 1915(c), the court may grant a party proceeding *in forma pauperis* transcripts at the government's expense. Such a request should be granted only if it finds the plaintiff's appeal presents a "substantial question." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984); *see also* § 753(f) ("Fees for transcripts furnished in other proceedings

to persons permitted to appeal *in forma pauperis* shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).").

    Plaintiff has failed to establish that his appeal presents a substantial question justifying a transcript of the trial. Accordingly, plaintiff's motion for transcripts at government expense (#462) is **DENIED.**

    IT IS SO ORDERED.

    DATED: This 29th day of January, 2015.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE

2